UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SABRINA ROLDAN,

                  Plaintiff,

      v.

ADOLFO LEWIS *et al.*,

                  Defendant.

---

CITY OF NEW YORK,

                  Third-Party Plaintiff,

      v.

LEXINGTON INSURANCE CO. and
PHILADELPHIA INDEMITY INSURANCE
CO.,

                  Third-Party
                  Defendants.

---

**MEMORANDUM & ORDER**
20-CV-03580 (HG) (MMH)

---

**HECTOR GONZALEZ**, United States District Judge:

      The Court previously granted partial summary judgment to Third-Party Plaintiff the City

of New York, ruling that Third-Party Defendants Lexington Insurance Co. and Philadelphia

Indemnity Insurance Co. each have a duty to defend the City in the underlying action.  *See*

*Roldan v. Lewis*, No. 20-cv-03580, 2024 WL 2801980 (E.D.N.Y. May 31, 2024).[1]  The Clerk of

---

[1]     Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.  The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

Court then entered judgment.[2]  ECF No. 207.  After that, Lexington and Philadelphia informed

the Court that they could not resolve how the City's defense costs should be allocated.  ECF

No. 208; *see also* June 18, 2024, Text Order.  Philadelphia, ECF Nos. 220, 221, and Lexington,

ECF No. 222, briefed that issue.  Philadelphia later filed an opposition, ECF Nos. 233, 234, as

did Lexington, ECF No. 235.  Having reviewed the parties' papers, the Court easily concludes

that—at least for now—Lexington and Philadelphia must equally bear the City's defense costs.

Despite Philadelphia's contention, the Court can amend its prior Order.  Because that

Order partially granting the City's summary judgment motion "adjudicate[d] fewer than all the

claims" asserted by the third-party litigants, it was nonfinal.  *See* Fed. R. Civ. P. 54(b).  It may

therefore "be revised at any time before the entry of a judgment adjudicating all the claims and

all the parties' rights and liabilities."  *Id.*; *see also Henrietta D. v. Giuliani*, 246 F.3d 176, 180–

81 (2d Cir. 2001) ("An award of declaratory relief on all claims is a final order in a case in which

only declaratory relief is sought; but a declaration has no such effect when other remedial issues

remain unresolved.").  Indeed, the Court's prior Order expressly asked the parties "if there [was]

any reason the Court should not dismiss any remaining claims and close this third-party case."

*Roldan*, 2024 WL 2801980, at *19; *cf. Henrietta D.*, 246 F.3d at 181.  Nor does Philadelphia

contend in its instant papers that the prior Order resolved all claims.  *See* ECF No. 234 at 6–7.[3]

---

[2]     After concluding that both insurers had a duty to defend, the Court also stated that
"[a]ccordingly, Philadelphia's motion for summary judgment on its crossclaim regarding
Lexington's duty to defend is . . . granted in part."  *Roldan*, 2024 WL 2801980, at *18.  That was
imprecise.  Although Philadelphia advanced arguments in support of its crossclaim, *see, e.g.*,
ECF No. 131 at 18, as Lexington now observes, ECF No. 235 at 5 n.3, Philadelphia did not move
for summary judgment on that crossclaim but rather opposed Lexington's motion for summary
judgment dismissing Philadelphia's crossclaim, ECF No. 131 at 5.  The judgment shall be
revised accordingly.  But to be clear, Lexington still has a duty to defend the City.

[3]     The Court rejects Philadelphia's argument that the prior Order may not be revised
because Philadelphia specifically asks the Court to rule on defense cost allocation.  *See id.* at 14.

On the substantive issue, the persuasive analysis in *Reliance National Insurance Co. v. Royal Indemnity Co.* is on point.  No. 99-cv-10920, 2001 WL 984737 (S.D.N.Y. Aug. 24, 2001). As Judge Buchwald explained, once the Court has concluded that the duty to defend has been triggered, "[a]llocating the insurers' obligations to cover . . . defense costs is . . . a simple chore." *Id.* at *20.  With language tracking that used in this Court's prior Order, Judge Buchwald explained that "[u]nder New York law each insurer has an equal and unlimited duty to defend" and that such obligation is "separate and broader than their obligation to indemnify, making each wholly and equally liable for the costs of insureds' defenses."  *Id.*; *cf. Roldan*, 2024 WL 2801980, at *4.  Accordingly, just like in *Reliance*, "both [Lexington] and [Philadelphia] have equal and unlimited duties to defend [the City]" here.  2001 WL 984737, at *20; *see also Fed. Ins. Co. v. Cablevision Sys. Dev. Co.*, 836 F.2d 54, 58 (2d Cir. 1987) ("Since the insurers cannot defend 'part' of the . . . claims against [the insured] in the underlying . . . action, it is logical that the insurers bear the costs of defense equally.").

Philadelphia resists this conclusion by urging the Court to adopt a "time on the risk" method of allocating defense costs, according to which, in its words, the "apportionment of defense costs should follow the apportionment of indemnity costs in cases in which an insured is liable for bodily injury to a claimant/plaintiff over successive annual periods[.]"  ECF No. 221 at 11–12.  As applied to this case (supposedly), Philadelphia points to the prior Order, in which the Court concluded that Lexington has a duty to defend under four policies, and Philadelphia has a duty to defend under one policy, to argue that Lexington should pay 80% of the City's defense

---

There is no "law of the case" on that issue, *see id.* at 7, because the parties never "battle[d] for it" in the first place, *Bergerson v. N.Y. State Off. of Mental Health*, 652 F.3d 277, 288 (2d Cir. 2011).

costs and Philadelphia should pay 20%. *Id.* at 14. That contrived proposal is inconsistent with the Court's prior Order and the Court must reject it.

First, "we . . . look to the language of the policy." *Consol. Edison Co. of N.Y. v. Allstate Ins. Co.* 774 N.E.2d 687, 693 (N.Y. 2002) ("*Con Ed*"). Philadelphia's triggered 2011–2012 Primary Policy[4] requires Philadelphia to defend the entire action. ECF No. 112-4 at 33. The same is true of Lexington's triggered 2004 Policy (ECF No. 126-4 at 9), 2005 Policy (ECF No. 126-5 at 8), 2007 Policy (ECF No. 126-7 at 48), and 2008 Primary Policy (ECF No. 126-8 at 47). As Judge Buchwald explained, that is the end of the story.[5]

Second, Philadelphia's position is unprecedented. It cites much authority dealing with indemnification, but the Court explicitly did not deal with that issue. *Roldan*, 2024 WL 2801980, at *18. Lexington is right that Philadelphia's cases "do not help in the task of deciding between equal shares and 'time on the risk' allocation of defense costs under the circumstances of this case." ECF No. 235 at 8. More basically, even if the Court were to agree that defense cost allocation follows indemnification, Philadelphia's count-the-policy formula would still get it wrong. The Court is aware of no case in which a court just counted up the number of different insurers' triggered policies and set those figures against each other to generate a division of defense costs. That makes sense because doing so would contravene the basic principle that "[w]here several claims arise from the same set of facts, if any of the claims are covered by the policy, the insurer consequently has a duty to defend the entire action under any of the policies,

---

[4]     Defined terms have the same meaning as in the Court's prior Order.

[5]     Both parties discuss the so-called "other insurance" clauses in the at-issue policies. *E.g.*, ECF No. 126-7 at 36. "Such clauses apply when two or more policies provide coverage during the same period, and they serve to prevent multiple recoveries from such policies." *Con Ed*, 774 N.E.2d at 694. Lexington says that courts split defense costs equally when these clauses are present. ECF No. 222 at 14. Philadelphia disagrees. ECF No. 221 at 14. Based on the clauses and the cited cases, the Court is not convinced these clauses compel a specific allocation here.

including the uncovered claims." *Roldan*, 2024 WL 2801980, at *4 (quoting *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 83 (2d Cir. 2013)).

Third, and relatedly, Philadelphia's proposed split defies common sense and is unfair. *See State of N.Y. Ins. Dep't v. Generali Ins. Co.*, 844 N.Y.S.2d 13, 15 (N.Y. App. Div. 2007) (rejecting "inequitable" defense cost allocation). Although the Court found just one Philadelphia policy triggered, it made clear that it did not reach the rest of the at-issue Philadelphia policies merely because the City's position as to the "realm of applicable Philadelphia policies . . . [was] confused and confusing," and it certainly never found that there was *no* duty to defend under the other Philadelphia policies. *Roldan*, 2024 WL 2801980, at *6 & n.10. Philadelphia is not entitled to a windfall based on "imprecision in the parties' briefing" on summary judgment. *Id.*

For these reasons, the Clerk of Court is respectfully directed to modify the judgment previously docketed at ECF No. 207 to remove the language "but is granted in part as to its crossclaim with respect to Lexington's duty to defend" and "and that Philadelphia is also awarded a declaration that Lexington has a duty to defend the City in the same action." For the avoidance of doubt, this has no effect on Lexington's duty to defend. The Clerk of Court is further directed to amend the judgment to add that "Philadelphia and Lexington shall bear the costs of the City's defense equally." The third-party litigants having raised no other disputes, the Clerk of Court is directed to enter judgment and to close this third-party case. Should the parties eventually require further relief, they may seek it in the appropriate forum.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 3, 2024