

Karen L. Campbell
77 Water Street, Suite 2100
New York, New York 10005
Karen.Campbell@lewisbrisbois.com
Direct: 212.232.1391

Corey L. Shulman
Corey.Shulman@lewisbrisbois.com
Direct: 646.783.1720

Zachary Candelaria
Zachary.Candelaria@lewisbrisbois.com
Direct: 212.232.1405

April 16, 2025

**VIA ECF/PACER**

Hon. Hector Gonzalez
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6A South
Brooklyn, NY 11201

   Re: *Roldan v. Lewis, et al.*
      Civil Case No.: 1:20-cv-03580-HG-MMH

Dear Judge Gonzalez:

  In accordance with Your Honor's Individual Practice Rules Section IV.A.2, Defendants Lelar Floyd, Jacqueline Harris, Theodora Diggs, Claire Haynes, and Charmaine Frank ("Concord Defendants") file this Letter for a Pre-Motion Conference on their anticipated Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Fourth Amended Complaint ("FAC") (Dkt. 256) The FAC cures none of the deficiencies identified in the Court's March 3, 2025 Order dismissing the Third Amended Complaint, which granted Plaintiff limited leave to amend certain causes of action (Dkt. 254).

  Plaintiff alleges she was subjected to physical and sexual abuse while in foster care under the Concord Defendants' supervision between approximately 1997 and 2008. She asserts six causes of action against the Concord Defendants: (1) Negligence in violation of the New York Child Victims Act ("CVA", codified in N.Y. C.P.L.R. § 214-g) (Count I); (2) Failure to Report Child Abuse (Count III); (3) Violation of the New York City's Gender-Motived Violence Protection Act, ("GMVPA", codified in N.Y.C. Admin. Code § 10-1101) (Count V); (4) Violations of the Fourteenth Amendment of the U.S. Constitution and Article I of the New York State Constitution (Count VI); (5) Unconstitutional Training in Violation of Fourteenth Amendment of the U.S. Constitution and Article I of the New York State Constitution (Count VII); and (6) Excessive Force in Violation of Fourteenth Amendment of the U.S. Constitution and Article I of the New York State Constitution (Count VIII).

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

155713241.1

Hon. Hector Gonzalez
*Roldan v. Lewis, et al.*
1:20-cv-03580-HG-MMH
April 16, 2025
Page 2

Concord Defendants respectfully request the Court dismiss each cause of action for the reasons addressed below.

In the March 3, 2025 Order, the Court dismissed Plaintiff's causes of action under the GMVPA (Count V) and the New York State Constitution (Counts VI, VII, and VIII) **with prejudice**. *See* Dkt. 254 at pp. 18-19, 23-28, 53-54. However, the FAC states in a footnote: "Although some of these causes of action were previously dismissed with prejudice, plaintiff reiterates them here so that they will not be deemed waived or abandoned and will otherwise be preserved for appellate review." Dkt. 256 at p. 1, fn. 1. The FAC goes on to include Counts V through VIII. *Id*. at ¶¶ 399-446. Including Counts V through VIII in the FAC runs afoul of the law of the case doctrine which "commands that when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009). "Preservation for appellate review" is not plausible reason to permit repleading these causes of action, and Defendants should not be required to address them in this case. *See Quirino v. New Jewish Home*, 2021 WL 11430534 at *15 (S.D.N.Y. Dec. 29, 2021) (barring plaintiff from using an amended pleading to revive claims previously dismissed with prejudice or without leave to amend). Based on the law of the case doctrine, Concord Defendants respectfully request the Court strike Count V in its entirety, and Counts VI, VII, and VIII regarding violations of the New York State Constitution.

To the extent the Court granted Plaintiff leave to amend her Complaint to allege a basis for commencing untimely 1983 claims for violations of the U.S. Constitution (*see* Dkt. 254 at p. 18), the FAC fails to establish entitlement to equitable tolling or related relief. Here, Plaintiff alleges that the psychological impact of her alleged abuse prevented her from bringing this suit until 2020 (Dkt. 256 at ¶¶ 292-298), when she was 28 years old, more than 7 years after she turned 21 and signed herself out of foster care (*id*. at ¶ 250). Plaintiff's alleged "extreme mental and emotional distress," even if diagnosed by a medical professional (which is not alleged in the FAC) is insufficient to warrant equitable tolling. *See Thomas v. Burmax Co., Inc.*, 2013 WL 6681616 at *4 (E.D.N.Y. Dec. 18, 2013) (denying equitable tolling when plaintiff alleged depression and post-traumatic stress disorder prevented timely filing of suit). Nor has Plaintiff established that her "extreme mental and emotional distress" caused her to miss her original filing deadline of 2010 (when she turned 18 and was no longer an infant) or a generous tolled deadline of 2013 (when she left the foster care system and her alleged systemic abuse ended). *Smalls v. Collins*, 10 F.4th 117, 146 (2d Cir. 2021). That Plaintiff contemplated yet failed to commence an action in 2013 is of no consequence, as she has failed to establish that her emotional distress prevented her from functioning generally or understanding her legal rights during the limitations period. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).

Concord Defendants also respectfully request the Court dismiss Count I with prejudice because it still fails to state a plausible cause of action for negligence. Despite adding allegations that

Hon. Hector Gonzalez
*Roldan v. Lewis, et al.*
1:20-cv-03580-HG-MMH
April 16, 2025
Page 3

the Rodríguezes or Debra Shields were statutorily ineligible to house Plaintiff, the FAC does not provide sufficient facts to demonstrate Concord Defendants had actual or constructive notice of any foster parent's alleged propensity for sexual abuse. *Doe v. Poly Prep Country Day Sch.*, 2022 U.S. Dist. LEXIS 177670 at *18-22 (E.D.N.Y. Sept. 29, 2022). Similarly, the FAC fails to adequately allege Concord Defendants' reasonable suspicion of sexual abuse or their willful or knowing failure to file a report of such abuse, and respectfully, should similarly dismiss Count III with prejudice. As this Court explicitly stated in its March 3, 2025 Order, Plaintiff may not seek redress under the CVA for alleged physical or emotional abuse, which are the only acts of which Plaintiff alleges the Concord Defendants had prior notice. Dkt. 254 at p. 13-14, citing *Perez v. Archdiocese of N.Y.*, 2021 N.Y. Misc. LEXIS 13751 at *11 (Sup. Ct. N.Y. Co. Oct. 20, 2021).

Finally, Concord Defendants respectfully request the Court stay depositions while the instant Motion to Dismiss is pending. The Court has the discretion to stay discovery under Fed. R. Civ. P. 26(c) upon a showing of "good cause." *Khan v. City of New York*, 2024 WL 4814236 at *4 (E.D.N.Y. Nov. 18, 2024). Based on the arguments made in this letter and the Court's March 3, 2025 Order, Concord Defendants have made a strong showing that Plaintiff's claims lack merit. Further, Plaintiff and the codefendants anticipate voluminous document production (in addition to the several thousand pages already disclosed) and are in the midst of a motion to compel. *See* Dkt. 258. Finally, discovery is in its infancy, and the Court has acknowledged the case's complexity. Dkt. 254 at p. 54. Since granting the Concord Defendants' Motion to Dismiss would dispose of all claims against them entirely, good cause exists to stay depositions until resolution of the instant motion. *Jakob v. JP Morgan Chase Bank, N.A.*, 2021 WL 2386395 at *1 (E.D.N.Y. Mar. 7, 2023) (Gonzalez, J.).

For the foregoing reasons, Concord Defendants respectfully request leave to move for dismissal of the FAC, and stay all discovery pending the motion.

> Respectfully submitted,
>
> Karen L. Campbell, Esq.
> Corey L. Shulman, Esq.
> Zachary Candelaria, Esq.
> LEWIS BRISBOIS
> BISGAARD
> & SMITH, LLP
> Attorneys for Defendants
> Lelar Floyd, Jacqueline Harris,
> Theodora Diggs, Claire
> Haynes, and Charmaine Frank

cc:   All counsel of record