UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SABRINA ROLDAN,

                                  Plaintiff,                    20-CV-3580 (HG)

       -against-

ADOLFO LEWIS, CECILIA ELLIS, NATALIE
BARNWELL, HEARTSHARE HUMAN SERVICES OF
NEW YORK, HEARTSHARE ST. VINCENT'S
SERVICES, MARK CASNER, GLORIA
ANTONSANTI, MARIBEL CRUZ, VALERIE RUSSO,
CITY OF NEW YORK, CONCORD FAMILY
SERVICES, LELAR FLOYD, LUZ LIBURD,
JACQUELINE MOSELEY, THEODORA DIGGS,
CLAIRE HAYNES, AND CHARMAINE FRANK,

                                  Defendants.
-------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS THE CITY OF NEW YORK, MARK CASNER, GLORIA ANTONSANTI, MARIBEL CRUZ and VALERIE RUSSO'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT

BARRY McTIERNAN & MOORE LLC

Suzanne Halbardier, Esq.
Attorneys for Defendants
City of New York, Mark Casner, Gloria
Antonsanti, Maribel Cruz and Valerie Russo
One Battery Park Plaza – 35th Floor
New York, NY 10004
212-313-3600
File No.: NYC 69238

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1
STATEMENT OF FACTS ...................................................................................................... 2
STANDARD OF REVIEW ..................................................................................................... 3
ARGUMENT ........................................................................................................................... 5
    I. PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION IN NEGLIGNCE AGAINST CITY DEFENDNTS MUST BE DISMISSED FOR FAILURE TO STATE PLAUSIBLE CAUSES OF ACTION FOR NEGLIGENCE ....................................................... 5
    II. PLAINTIFF'S THIRD CAUSE OF ACTION IN STATUTORY LAW AGAINST CITY DEFENDANTS MUST BE DISMISSED ................................................................................ 7
        A. PLAINTIFF'S THIRD CAUSE OF ACTION IN STATUTORY LAW MUST BE DISMISSED AGAINST CITY DEFENDANTS AS TO THE HOYTE, SHORE, AND SHIELDS FOSTER HOMES .................................................................................................. 7
        B. PLAINTIFF'S THIRD CAUSE OF ACTION IN STATUTORY LAW AGAINST DEFENDANTS CASNER, ANTONSANTI, AND CRUZ MUST BE DISMISSED REGARDING THE RODRIGUIZ FOSTER HOME ............................................................. 8
    III. PLAINTIFF'S SECTION 1983 CLAIMS ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS AND NOT ELIGIBLE FOR EQUITABLE TOLLING ....... 10
CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Arista Records LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010) ...................................................... 11
*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1945 (2009) ........................................... 5, 7
*Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) .......................................... 10, 11
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007) ...................... 5, 6, 11
*BL DOE 5 v. Fleming*, 199 A.D.3d 1426, 1428 (4th Dep't. 2021) ................................................ 9
*Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) ........................................................... 13
*Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) ..................................................................... 12
*Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991) ............................................................... 13
*Chin v. Bowen*, 833 F.2d 21, 23 (2d Cir. 1987) .......................................................................... 12
*Clark v. Hanley*, 89 F.4th 78, 85 (2d Cir. 2023) ......................................................................... 15
*Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 369 (E.D.N.Y. 2012) ............................... 6
*Diana G-D ex rel. Ann D. v. Bedford Cent. Sch. Dist.*, 932 N.Y.S.2d 316, 329 (N.Y. Sup. Ct. 2011) ............................................................................................................................................. 9
*Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008) ......................................................................... 13
*Doe v. Poly Prep Country Day Sch.*,, 2022 U.S. Dist. LEXIS 177670, *19 ............................. 7, 8
*Doe v. United States*, 76 F.4th 64, 68 (2d Cir. 2023) .................................................................. 14
*Easterbrooks v. Schenectady County*, 218 A.D.3d 969, 973 (N.Y. App. Div. 2023) .................... 9
*Ghartley v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989) ....................................... 6
*Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) ............................................................ 12, 14
*Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 111 (2d Cir. 2023) ............................... 12
*Levin v. Sarah Lawrence Coll.* ............................................................................................. 14, 15
*Lloret v. Lockwood Greene Eng'rs, Inc.*, No. 97 Civ. 5750 (SS), 1998 U.S. Dist. LEXIS 3999, 13
*Lopez v. City of New York*, 99 N.Y.S.3d 381, 383 (N.Y. App. Div. 2019) ................................... 7
*Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 204 (2d Cir. 1985) ................................ 12
Miller. 2022 U.S. Dist. LEXIS at *3 .............................................................................................. 8
*Murray v. Nazareth Reg'l High Sch.*, 579 F. Supp. 3d 383, 389 (E.D.N.Y. 2021) ................ 10, 11
*Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir.1989) ..................................................................... 6
*Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ................................................................................ 12
*Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) ............................................. 12
*Read v. Corning Inc.*, 371 F. Supp. 3d 87, 92 (W.D.N.Y. 2019) .............................................. 7, 8
*Sherman v. City of N.Y.*, No. 18-cv-6907 (LDH), 2020 U.S. Dist. LEXIS 219350, at *9 (E.D.N.Y. Nov. 23, 2020) ......................................................................................................... 12
*Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) ................................................................... 13
*Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) .................................................................... 12
*Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ................................ 6
*Stora v. Don't Ask Why Outfitters*, No. 15-cv-7106, 2016 WL 10571885, at *7 (E.D.N.Y. Dec. 7, 2016) ....................................................................................................................................... 10
*Townsend v. Superintendent,* 2006 U.S. Dist. LEXIS 48008, 2006 WL 721517 ........................ 13
*Twombly*, 550 U.S. at 555, 558 .................................................................................................... 7
*Valdez v. United States*. 518 F.3d 173 (2d Cir. 2008) ................................................................. 15
*Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ............................................................... 13
*Weisbrod-Moore v. Cayuga County*, 25 N.Y. LEXIS 101 (2025) ................................................ 7

**Statutes**

CPLR § 214(5) ............................................................................................................. 12
CPLR § 214-g .............................................................................................................. 8
CPLR § 214-j ............................................................................................................... 8
N.Y. Soc. Serv. Law § 413 and 420 ............................................................................ 9
Section 1983 ................................................................................................................ 12
Social Services Laws Sections 413 and 420 ............................................................... 3

**Rules**

Federal Rule 8 ............................................................................................................. 5
Federal Rule of Civil Procedure 12(b)(1) and (b)(6) .................................................. 3
Federal Rule of Civil Procedure 8(c)(1) ..................................................................... 6
Rule 12(b)(6) ............................................................................................................... 6

PRELIMINARY STATEMENT

Plaintiff Sabrina Roldan brings this action alleging the City of New York (the "City") and two foster care agencies, as well as their staff, violated her rights under the U.S. Constitution, New York statute, and common law rights due to their alleged failure to protect her from sexual and physical abuse while in various foster care homes between May 1997 and 2012. Plaintiff alleges that her lawsuit would be timely under equitable tolling.

The City and individual defendants Mark Casner, Gloria Antonsanti, Maribel Cruz, and Valerie Russo (together "City Defendants") now respectfully move the Court for an order dismissing the Fourth Amended Complaint dated April 2, 2025[1], pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6). The limitations period applicable to Plaintiff's Section 1983 claims has lapsed. Moreover, Plaintiff's New York statute and common law claims have not been supported by sufficient facts and should be dismissed.

Plaintiff's complaint contains the following causes of action subject to dismissal: the first cause of action asserts claims under New York Child's Victims Act ("CVA"); the second cause of action is filed under the New York Adult Survivors Act ("ASA"); the third cause of action alleges violations of Social Services Laws Sections 413 and 420; the sixth cause of action asserts violations under the Fourteenth Amendment; the seventh cause of action asserts inadequate training under federal law; and the eighth cause of action claims defendants acquiesced to the use of excessive force in violation of federal law. Defendants now move to dismiss all of Plaintiff's above causes of action.[2]

---

[1] The Fourth Amended Complaint ("FAC") is #256 on ECF.
[2] Per this Court's April 30, 2025 order, this motion addresses those causes of action which were dismissed without prejudice. Cause of action IV survived the motion and cause of action V was dismissed with prejudice.

**STATEMENT OF FACTS**

This action arises out of Plaintiff's placement in foster care from 1997 through 2012. In May 1997, when Plaintiff was five years old, the City[3] took Plaintiff and her two siblings into its custody and placed them with defendant Concord Family Services, Inc. ("Concord"). FAC at ¶¶ 70-71. In October 1997, Concord placed Plaintiff and her siblings in Juan and Maria Rodriguez's foster home. *Id.* at ¶ 72. When Plaintiff was approximately eight years old, Juan and Maria Rodriguez allegedly began sexually and physically abusing her, and they did so until Concord moved Plaintiff and her siblings out of the Rodriguez foster home in 2002. *Id.* at ¶¶ 90-102. When Plaintiff was ten years old, Concord moved Plaintiff and her siblings to Debra Shields's foster home. *Id.* at ¶ 136. Until November 2003, when Concord moved Plaintiff to a different foster home, Plaintiff alleges she experienced sexual violence from another foster boy that lived in Shields's house and physical abuse from Shields herself. *Id.* at ¶¶ 163-168. Between May 1997 and December 2008, Concord placed Plaintiff is more than ten foster homes. *Id.* at ¶ 169.

In late 2008, the City terminated its relationship with Concord, and Plaintiff was placed under the care of defendant HeartShare St. Vincent's Services ("HeartShare"). *Id.* at ¶ 217. In December 2008, HeartShare placed Plaintiff in Kiesha Bell's foster home. *Id.* at ¶ 175. At some point, Plaintiff left her home and went to stay with her brother who lived in Gary Hoyte's foster home. *Id.* at ¶ 180. For six months, she alleges Hoyte sexually abused and harassed Plaintiff. *Id.* at ¶¶ 188-193. In 2009, the City and HeartShare placed Plaintiff in Dolores Shore's foster home, where Plaintiff was allegedly sexually assaulted by Shore's son, Max Shore. *Id.* at ¶¶ 199, 232-235. Plaintiff was moved out of that home, an in total, HeartShare placed Plaintiff is more than

---

[3] Under New York state law, the City's Administration of Children's Services (ACS) is authorized to care for children in foster care. See ECF No. 209, Third Amended Complaint (hereinafter "TAC"), ¶69. The Commissioner of ACS has legal custody over the children in New York foster care. *Id.* Plaintiff was born in 1992. TAC ¶12.

ten foster homes. *Id.* at ¶ 248. Plaintiff signed herself out of foster care before turning 21. *Id.* at ¶ 250.

Plaintiff alleges that individual defendant Mark Casner was an ACS supervisor while Plaintiff was in foster care, and that he was assigned to supervise and monitor Plaintiff during part of her time in foster care. *Id.* at ¶¶ 50-51. Plaintiff also alleges that individual defendants Gloria Antonsanti and Maribel Cruz were caseworkers for ACS while Plaintiff was in foster care, and that they were assigned to supervise and monitor Plaintiff during part of her time in foster care. *Id.* at ¶¶ 52-55. Lastly, Plaintiff alleges that individual defendant Valerie Russo served as Deputy Commissioner at ACS while Plaintiff was in foster care, and that she had the responsibility to ensure that Concord and its employees complied with their obligations under the Constitution, as well as under federal and state law. *Id.* at ¶¶ 56-57.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1945 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While Federal Rule 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 678-79. Rather, a viable claim must contain factual allegations regarding each of its material elements. *Bell Atlantic*, 1969.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Iqbal,* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* While a plaintiff is not required to plead detailed factual allegations to make out a claim, precedent nonetheless "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.,* 678.

Pursuant to Federal Rule of Civil Procedure 8(c)(1), "[t]he lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008). However, a defendant may raise a pre-answer statute of limitations defense during a Rule 12(b)(6) motion to dismiss "[w]here the dates in a complaint show that an action is barred by a statute of limitations." *Ghartley v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989); *see also Staehr*, 547 F.3d at 425 (highlighting the trend to allow the statutes of limitations defense to be raised by a Rule 12(b)(6) motion to dismiss where the defect is on the face of the complaint). A court may only dismiss a case pursuant to a statute of limitations defense if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Ortiz v. Cornetta*, 867 F.2d 146, 148 (2d Cir.1989) (citation omitted)). Accordingly, this Court should grant a motion to dismiss based on statute of limitations grounds only "if there is no factual question as to whether the alleged violations occurred within the statutory period." *Clement v. United Homes, LLC*, 914 F. Supp. 2d 362, 369 (E.D.N.Y. 2012) (citation omitted).

**ARGUMENT**

**I. PLAINTIFF'S FIRST, SECOND, AND THIRD CAUSES OF ACTION IN NEGLIGNCE AGAINST CITY DEFENDNTS MUST BE DISMISSED FOR FAILURE TO STATE PLAUSIBLE CAUSES OF ACTION FOR NEGLIGENCE**

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Alleged facts that consist of "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do," and dismissal is proper where "the allegations in a complaint, however true, could not raise a claim of entitlement of relief." *Twombly*, 550 U.S. at 555, 558.

Municipalities owe a duty of care to children they place in foster homes. *See Weisbrod-Moore v. Cayuga County*, 25 N.Y. LEXIS 101 (2025). To prove that the duty has been breached, a plaintiff must "establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated." *Lopez v. City of New York*, 99 N.Y.S.3d 381, 383 (N.Y. App. Div. 2019).

Plaintiff alleges that the City knew or should have known that the boys in the Sheilds home posed a danger to Plaintiff. TAC ¶ 161. Such an allegation is a "threadbare recital" of negligence and must fail. *Iqbal*, 566 U.S. at 678; *See also Read v. Corning Inc.*, 371 F. Supp. 3d 87, 92 (W.D.N.Y. 2019). Plaintiff makes no further allegations about whether the City or Casner, Antonsanti, Cruz, and Russo had knowledge or notice of Plaintiff's sexual abuse or the boy's propensity to engage in sexual abuse prior to the occurrence such that the boy's sexual abuse of Plaintiff was foreseeable. *See Doe v. Poly Prep Country Day Sch.*,, 2022 U.S. Dist. LEXIS

5

177670, *19 (dismissing the plaintiff's claim where he did not allege that defendant had prior notice or knowledge of the abuse). Plaintiff also did not allege that City Defendants had notice of the abuse afterward and failed to report it. Therefore, Plaintiff's negligence claims against City Defendants regarding the events of the Shields foster home must be dismissed.

Further, Plaintiff claimed that the City is liable for not revoking the foster care certification of Debra Shields. FAC ¶ 149. However, this claim is untimely. The CVA and the ASA revived all civil claims of actions "which would constitute a sexual offense" against a minor that would have otherwise been time-barred. CPLR § 214-g; CPLR § 214-j. Plaintiff has not alleged that she was sexually abused by Debra Shields, so the new claim does not relate back to Plaintiff's claims under the CVA and ASA.

Plaintiff claimed that the City ratified the placement of Plaintiff in the Hoyte home. FAC ¶ 181. Plaintiff did not allege that City Defendants had knowledge or notice of the abuse or Hoyte's propensity to commit sexual abuse prior to the occurrence such that Hoyte's sexual abuse of Plaintiff was foreseeable. *See Doe*, 2022 U.S. Dist. LEXIS at *19. Plaintiff also did not allege that City Defendants had notice of the abuse afterward and failed to report it. Therefore, Plaintiff's negligence claims against City Defendants regarding the events of the Hoyte foster home must be dismissed.

Plaintiff's claims that the City knew or should have known about Max and Kyle Shore's propensity for sexual violence. FAC ¶ 212, 218. However, this is a bald assertion without factual support. *See Read v. Corning Inc.*, 371 F. Supp. 3d 87, 92 (W.D.N.Y. 2019) ("[W]here a defendant's knowledge of some fact or circumstance is an element of a tort claim, a bare assertion that a defendant 'knew or should have known' of that fact or circumstance is insufficient to state a claim.").

6

In *Doe v. Poly Prep Country Day Sch.*, the plaintiff alleged that he was sexually abused by his teacher, Miller. 2022 U.S. Dist. LEXIS at *3. The court held that the plaintiff's allegations concerning another staff member's "abuse of other students and Defendant's tolerance of that abuse do not demonstrate foreseeability of the danger and risk of harm to Plaintiff posed by Miller." *Id*. at *26. Similarly, here, Plaintiff's allegation that City Defendants knew that Plaintiff's sister had been abused by Kyle Shore did not make Max Shore's abuse of Plaintiff foreseeable. Further, Plaintiff also did not allege that City Defendants received notice of the abuse afterward and failed to report it. Therefore, Plaintiff's negligence claims against City Defendants regarding the events of the Shore foster home must be dismissed.

## II. PLAINTIFF'S THIRD CAUSE OF ACTION IN STATUTORY LAW AGAINST CITY DEFENDANTS MUST BE DISMISSED

### A. PLAINTIFF'S THIRD CAUSE OF ACTION IN STATUTORY LAW MUST BE DISMISSED AGAINST CITY DEFENDANTS AS TO THE HOYTE, SHORE, AND SHIELDS FOSTER HOMES

In order to claim that City Defendants are liable for failing to report child abuse in violation of N.Y. Soc. Serv. Law § 413 and 420, Plaintiff must establish that defendants had "reasonable cause" to suspect that Plaintiff was "an abused or maltreated child", and that the failure to report was knowing and willful. *See Diana G-D ex rel. Ann D. v. Bedford Cent. Sch. Dist.*, 932 N.Y.S.2d 316, 329 (N.Y. Sup. Ct. 2011). Establishing "reasonable cause" also requires proof that the defendant had notice of the alleged abuse. *Easterbrooks v. Schenectady County*, 218 A.D.3d 969, 973 (N.Y. App. Div. 2023).

Plaintiff has failed to allege any facts showing that she revealed her alleged abuse in the Shields, Hoyte, or Shore foster fomes to City Defendants' employees and she fails to allege she revealed her alleged abuse to City Defendants' employees while the sexual abuse and assaults were occurring. *See Diana G-D ex rel. Ann D.,* 932 N.Y.S.2d at 985 (finding defendants did not

7

have reasonable cause to believe the plaintiff was abused when she did not provide them with any fact, no employees witnessed any abuse, and no employees saw any physical injury). Plaintiff also failed to allege any facts showing that any lack of reporting from City Defendants was knowing and willful. Plaintiff alleged that City Defendants had actual notice of abuse and knowingly failed to report it, but this is a legal conclusion without factual support, and thus "insufficient to withstand a motion to dismiss." *BL DOE 5 v. Fleming*, 199 A.D.3d 1426, 1428 (4th Dep't. 2021); FAC ¶ 365,368. Therefore, Plaintiff's allegations regarding failure to report child abuse lack factual support and are insufficient to survive City Defendants' Motion to Dismiss.

### B. PLAINTIFF'S THIRD CAUSE OF ACTION IN STATUTORY LAW AGAINST DEFENDANTS CASNER, ANTONSANTI, AND CRUZ MUST BE DISMISSED REGARDING THE RODRIGUIZ FOSTER HOME

This Court dismissed with leave to amend Plaintiff's Third Cause of Action against Defendants Casner, Antonsanti, and Cruz regarding the Rodriguiz foster home. *See* Memorandum & Order dated March 3, 2025 at 35. Plaintiff did not allege that they actually received notice or had reasonable cause to suspect that Plaintiff was the victim of abuse in the Rodriguiz home. Instead, Plaintiff assumed that if the City allegedly had notice, so did Caner, Antonsanti, and Cruz. This is impermissible, as Plaintiff must "plead enough facts with respect to each defendant to state a claim." *Stora v. Don't Ask Why Outfitters*, No. 15-cv-7106, 2016 WL 10571885, at *7 (E.D.N.Y. Dec. 7, 2016), *report and recommendation adopted*, 2017 WL 1034637 (E.D.N.Y. Mar. 17, 2017); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001). Plaintiff has not amended her pleading to adequately fix this deficiency.

Plaintiff alleged upon information and belief that Plaintiff's brother disclosed his abuse to a mental health professional, that the provider or a co-worker advised the City of the disclosure,

8

and that the City advised Casner, Antonsanti, and Cruz of the disclosure. FAC at ¶ 104-105. Casner, Antonsanti, and Cruz receiving notice, and thus reasonable cause to suspect abuse, is an essential aspect of Plaintiff's claim. The allegation that they received notice is conclusory and based on a series of assumptions. The use of the phrase "upon information and belief" does not render impermissibly conclusory allegations non-conclusory. *Murray v. Nazareth Reg'l High Sch.*, 579 F. Supp. 3d 383, 389 (E.D.N.Y. 2021). Conclusory allegations essential to a plaintiff's claim cannot be rendered non-conclusory simply because the plaintiff's complaint states that these allegations are based "upon information and belief." *Arista Records LLC v. Doe*, 604 F.3d 110, 120 (2d Cir. 2010) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)); *See also Murray v. Nazareth Reg'l High Sch.*, 579 F. Supp. 3d 383, 389 (E.D.N.Y. 2021). Plaintiff's allegations fail to raise her right to relief above the speculative level. *See Bell Atl. Corp v. Twombley*, 550 U.S. 544 (2007).

Even if Plaintiff's allegation is accepted as a sufficient allegation, Plaintiff has not established that Casner, Antonsanti, and Cruz failed to report Rodriguiz's abuse of Plaintiff. In holding that Plaintiff's Third Cause of Action against the City survived regarding the Rodriguiz home, this Court explained that the "conclusion is primarily driven, due to Plaintiff's unclear timing allegations, by the alleged disclosure by school personnel." Memorandum & Order dated March 3, 2025 at 35. Plaintiff failed to amend the Complaint to clarify the timing of her allegations. Therefore, the Third Cause of Action against Casner, Antonsanti, and Cruz regarding the Rodriguiz home must be supported by the same factual allegations. However, Plaintiff alleged:

> "Upon information and belief, after Juan Rodriguiz began sexually abusing plaintiff, staff at plaintiff's elementary school reported to defendants City and Concord that plaintiff was abused and neglected. Upon information and belief, defendant City and its employees, including defendants Casner, Antonsanti, and Cruz failed to report the

9

suspected abuse and neglect to the New York State Central Register of Child Abuse and Maltreatment." FAC at ¶ 122-123.

As seen in Plaintiff's Third Amended Complaint, Plaintiff failed to adequately plead that Casner, Antonsanti, and Cruz were informed of the alleged report from the elementary school. Plaintiff did not allege that they received notice of the abuse and thus had reasonable cause to suspect and report abuse. Plaintiff cannot simply include Casner, Antonsanti, and Cruz under the umbrella of the City in her pleading. *See Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001).

### III. PLAINTIFF'S SECTION 1983 CLAIMS ARE BARRED BY THE THREE-YEAR STATUTE OF LIMITATIONS AND NOT ELIGIBLE FOR EQUITABLE TOLLING

Plaintiff's Sixth, Seventh, and Eighth Causes of Action, pursuant to Section 1983, should be dismissed because they are time barred. In New York, it is well-established that CPLR § 214(5), the state's three-year residual personal injury statute of limitations, applies to Section 1983 claims. *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004); *Chin v. Bowen*, 833 F.2d 21, 23 (2d Cir. 1987); *Sherman v. City of N.Y.*, No. 18-cv-6907 (LDH), 2020 U.S. Dist. LEXIS 219350, at *9 (E.D.N.Y. Nov. 23, 2020). Further, the CVA does not toll the statute of limitations on Section 1983 claims. *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 111 (2d Cir. 2023). This Court acknowledged that the statute of limitations period for Plaintiff's Section 1983 claims began when she turned eighteen in 2010 and expired three years later in 2013. *See* Memorandum & Order dated March 3, 2025 at 15.

Equitable tolling allows a court to extend the statute of limitations only in "rare and exceptional circumstances." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Plaintiff has the burden of demonstrating the appropriateness of equitable tolling. *See Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 204 (2d Cir. 1985). To invoke equitable tolling, Plaintiff must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary

circumstance stood in his way and prevented timely filing." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Plaintiff must provide a "particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) (finding that the plaintiff's statement that she suffers from paranoia, panic attacks, and depression is insufficient to support equitable tolling). Furthermore, Plaintiff must show that the two requirements of equitable tolling were "satisfied throughout the period to be tolled." *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011). "This showing cannot be made if the party, 'acting with reasonable diligence, could have filed on time notwithstanding" the extraordinary circumstances." *Smalls v. Collins*, 10 F.4th 117, 145 (2d Cir. 2021) (*citing Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010)).

The question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is highly case-specific. *See Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991). It depends on whether the plaintiff can show that the illness was so extraordinary that it functioned as a complete bar to the procedural steps required to file suit in a timely fashion throughout the entire time period in question. *Townsend v. Superintendent,* 2006 U.S. Dist. LEXIS 48008, 2006 WL 721517 (finding that, even if petitioner suffered from depression, he failed to present evidence that his depression prevented him from pursuing his legal rights throughout the statutory period); *see also Lloret v. Lockwood Greene Eng'rs, Inc*., No. 97 Civ. 5750 (SS), 1998 U.S. Dist. LEXIS 3999, 1998 WL 142326, at *4, 6 (S.D.N.Y. Mar. 27, 1998) ("[P]laintiff's post-termination depression [was] not sufficient to warrant" equitable tolling, where plaintiff did not show how his depression "so affected [him] that he was unable to take care of his legal affairs."). The term "extraordinary" does not refer to the uniqueness of the petitioner's circumstances, "but rather how severe an obstacle it is" for the plaintiff attempting to

comply with the statute of limitations. *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). The plaintiff must "demonstrate a causal relationship between the extraordinary circumstances . . . and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding," *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Here, Plaintiff's Fourth Amended Complaint has not plead sufficient facts to determine that equitable tolling may apply. Plaintiff claims that the psychological impact of plaintiff's traumatic experiences created extraordinary circumstances that directly impaired her ability to take timely legal action. *See* Fourth Amended Complaint ("FAC") at ¶ 298. However, Plaintiff failed to adequately plead that those circumstances functioned as a complete bar to pursing legal action since 2010.

In *Levin v. Sarah Lawrence Coll.*, the complaint alleged that the abuser "tortured, manipulated, and brainwashed the plaintiffs so horrifically that they were unable to escape let alone seek help or pursue redress." 747 F.Supp.3d 645, 672 (2024). However, there were no allegations that the plaintiffs were forced to engage in labor or otherwise under the abuser's control for the previous ten years. *Id*. Equitable tolling was denied as the plaintiff failed to demonstrate a causal connection between her impairment and her ability to pursue her rights. *Id*. at 674. Here, Plaintiff similarly failed to demonstrate that she was unable to pursue her rights.

In *Doe*, the plaintiff was abused by a federal agent with extensive knowledge of her life, a gun, and gang ties. *Doe v. United States*, 76 F.4th 64, 68 (2d Cir. 2023). She pursued her claim after the statute of limitations expired when her father was in danger of deportation but alleged that her exceptional circumstance was her fear for her life if she came forward. *Id*. at 72. The court held that equitable tolling applied and found that the "record permits the factual conclusion

that Doe's fear for her father's safety overcame her fear for herself and thereby allowed her to come forward when she did." *Id.* at 73. Here, Plaintiff did not plead any facts indicating why or how she could overcome her psychological conditions to pursue a lawsuit in 2020, but not in the eight years prior. For equitable tolling, exceptional circumstances must exist the entire period to be tolled, and without facts sufficient to explain why the exceptional circumstances ended, it cannot be assumed that they existed continuously from 2013 to 2020. *See Harper*, 648 F.3d at 136 (finding that the plaintiff's claim was tolled only during his three-month hospitalization).

Plaintiff also claimed that Maria Rodriguiz abused and threatened her to prevent her form disclosing any abuse. *See* FAC at ¶ 277. However, such a fact is irrelevant to this suit and equitable tolling. Unlike the abuser in *Doe*, Maria Rodriguiz was not a law enforcement officer, did not have access to a weapon, and had no knowledge of where Plaintiff was located past 2002. Plaintiff has not plead any facts indicating that she has been in contact with Maria Rodriguiz since 2002, similarly to the plaintiffs in *Clark*, where the plaintiff was transferred to another prison away from her abuser and equitable tolling was denied, and *Levin*, where the plaintiffs escaped their abuser and equitable tolling was denied. *Clark v. Hanley*, 89 F.4th 78, 85 (2d Cir. 2023); *Levin*, 747 F.Supp.3d at 672.

Plaintiff has not alleged any government misconduct of the kind considered in *Valdez v. United States*. 518 F.3d 173 (2d Cir. 2008). There, the government concealed the fact that the negligent doctor was a government employee, and thus there was a two-year statute of limitations to file an administrative claim. *Id*. at 176. Here, City Defendants made no attempt to conceal themselves or the existence of the statute of limitations.

## **CONCLUSION**

City Defendants respectfully request that this Court grants its motion in all respects and for such other, further, and different relief as this Court deems just and proper.

Dated: New York, New York
      July 1, 2025　　　　　　　　　　　　　　BARRY McTIERNAN & MOORE LLC

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Suzanne Halbardier, Esq. (SMH0310)