UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SABRINA ROLDAN,

                      Plaintiff,

  -against-

ADOLFO LEWIS, CECILIA ELLIS, NATALIE
BARNWELL, individually and as director, HEARTSHARE
HUMAN SERVICES OF NEW YORK, HEARTSHARE
ST. VINCENT'S SERVICES, MARK CASNER, GLORIA
ANTONSANTI, MARIBEL CRUZ, VALERIE RUSSO,
individually and as deputy Commissioner, CITY OF NEW
YORK; CONCORD FAMILY SERVICES; LELAR
FLOYD, individually and as executive director; LUZ
LIBURD, individually and as deputy director,
JACQUELINE HARRIS, individually and as program
director; THEODORA DIGGS, individually and as program
director; CLAIRE HAYNES, and CHARMAINE FRANK,

                      Defendants.
------------------------------------------------------------------------X

Civil Case No.:
20-cv-3580-HG-MMH

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH, LLP
Karen L. Campbell, Esq.
Corey L. Shulman, Esq.
Zachary Candelaria, Esq.
*Attorneys for Defendants*
*LELAR FLOYD, JACQUELINE HARRIS,*
*THEODORA DIGGS, CLAIRE HAYNES and*
*CHARMAINE FRANK*
77 Water Street, Suite 2100
New York, New York
(212) 232-1300

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ii, iii

PRELIMINARY STATEMENT ...............................................................................................1

STATEMENT OF FACTS .........................................................................................................1

LEGAL STANDARD.................................................................................................................2

LEGAL ARGUMENT ................................................................................................................3

POINT I    PLAINTIFF'S TIME-BARRED CONSTITUTIONAL VIOLATION
            CLAIMS ARE NOT ELIGIBLE FOR EQUITABLE TOLLING RELIEF .....................3

POINT II    THE FAC FAILS TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS
            TO ESTABLISH DEFENDANTS HAD ACTUAL OR CONSTRUCTIVE
            NOTICE OF ALLEGED ABUSERS PROPENSITY FOR SEXUAL ABUSE ..............5

POINT III    PERMITTING PLAINTIFF LEAVE TO FILE A FIFTH AMENDED
            COMPLAINT WOULD BE FUTILE ...............................................................................9

CONCLUSION.........................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*Arista Records, LLC v. Doe 3*,
   604 F.3d 110 (2d Cir. 2010)..................................................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................................2, 3

*Boos v. Runyon*,
   201 F.3d 178 (2d Cir. 2000)..................................................................................5

*C.Q. v. Est. of Rockefeller*,
   2021 U.S. Dist. LEXIS 203563 (S.D.N.Y. Oct. 21, 2021) ....................................6

*Doe v. Alsaud*,
   12 F. Supp. 3d 674 (S.D.N.Y. 2014)....................................................................6

*Doe v. United States*,
   76 F.4th 64 (2d Cir. 2023) ....................................................................................4

*Flowers v. Conn. Light & Power Co.*,
   2021 U.S. App. LEXIS 35105 (2d Cir. Nov. 29, 2021).........................................9

*Kotler v. Charming Shoppes Inc.*,
   2012 U.S. Dist. LEXIS 11577 (S.D.N.Y. Jan. 31, 2012).......................................9

*Lafrantz v. St. Mary's Roman Cath. Church*,
   2024 U.S. Dist. LEXIS 10154 (E.D.N.Y. Jan. 19, 2024) ......................................6

*Melendez v. Sirius XM Radio, Inc.*,
   50 F.4th 294 (2d Cir. 2022) ..................................................................................9

*Mosca v. United States*,
   602 F.Supp. 3d 344 (E.D.N.Y. 2022) ...................................................................4

*Murray v. Nazareth Reg'l High Sch.*,
   579 F.Supp. 3d 383 (E.D.N.Y. 2021) ...................................................................3

*Paycom Billing Servs. v. Mastercard Intl, Inc.*,
   467 F.3d 283 (2d Cir. 2006)..................................................................................3

*Rios v. Mazzuca*,
   78 Fed. Appx. 742 (2d Cir. 2003).........................................................................5

*S.J. v. Choice Hotels International, Inc.*,
 473 F.Supp. 3d 147 (E.D.N.Y. 2020) ..................................................................8

*Saint-Jean v. Emigrant Mortgage Company*,
 129 F.4th 124 (2d Cir. 2025) ..............................................................................5

*Schneider v. OSG, LLC*,
 2024 WL 1308690 (E.D.N.Y. Mar. 27, 2024) .....................................................4

*Smalls v. Collins*,
 10 F.4th 117 (2d Cir. 2021) ................................................................................4

*Thomas v. Burmax Co., Inc.*,
 2013 WL 6681616 (E.D.N.Y. Dec. 18, 2013) .....................................................4

*Young v. Lugo*,
 2023 U.S. Dist. LEXIS 19827 (E.D.N.Y. Feb. 6, 2023) .....................................9

**State Cases**

*Brave v. City of New York*,
 216 A.D.3d 728 (N.Y. App. Div. 2023) ..............................................................6

*Mirand v. City of N.Y.*,
 84 N.Y. 2d 44 (N.Y. 1994) ..................................................................................8

**Statutes**

18 U.S.C. §§ 1598 and 1590 ............................................................................................4

N.Y. Soc. Serv. Law §§ 413 and 420 ...............................................................................6

**Court Rules**

Fed. R. Civ. Pro. 8 .........................................................................................................1,2

Fed. R. Civ. Pro. 12(b)(6) .........................................................................................2, 8, 9

## PRELIMINARY STATEMENT

Defendants Lelar Floyd, Jacqueline Harris, Theodora Diggs, Claire Haynes, and Charmaine Frank ("Defendants") respectfully submit this Memorandum of Law in support of their Motion to Dismiss the Fourth Amended Complaint ("FAC") (Dkt. 256) pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6), on the grounds the allegations set forth fail to state a claim upon which relief can be granted against the Defendants.

Despite comprising of *five* iterations of allegations against Defendants, the FAC fails to cure the deficiencies previously identified by this Court and does not meet federal pleading standards. Specifically: (1) Plaintiff fails to establish entitlement to equitable tolling as to her otherwise time-barred Section 1983/Constitutional Violation causes of action, as the FAC does not demonstrate Plaintiff's diligent pursuit of legal remedies or that an extraordinary circumstance prevented timely filing of these claims; and (2) Plaintiff *still* fails to allege plausibly that Defendants had actual or constructive notice of the alleged abusers' propensities for sexual abuse, as there are no new allegations to establish notice of, a reasonable suspicion of, or a willful failure to report sexual abuse by her foster parents or associated third parties.

## STATEMENT OF FACTS

For the purposes of brevity, Defendants respectfully refer the Court to its Memorandum in Support of its Motion to Dismiss Plaintiff's Third Amended Complaint for a recitation of the underlying facts at issue. ECF Dkt. 231-1 at pp. 1-2. Defendants also respectfully refer the Court to its Memorandum in Support of its Motion to Dismiss Plaintiff's Third Amended Complaint for a procedural history of Plaintiff's pleadings before the FAC.

On March 3, 2025, the Court granted Defendants' Motion to Dismiss the Third Amended Complaint. ECF Dkt. 254. The Court granted Plaintiff leave to amend causes of action for federal constitutional claims (Counts VI, VII, and VIII), negligence under the CVA (count I), and failure

1

to report child abuse (count III). *Id*. The Court dismissed all other applicable causes of action against Defendants with prejudice. *Id*. at pp. 18-19 (state constitutional claims); *id*. at pp. 23-28 (Gender Motivated Violence Act claim).

On April 2, 2024, Plaintiff filed the FAC. ECF Dkt. 256. The FAC adds new allegations that Defendants, who were individual employees of a foster care agency, improperly certified Juan and Maria Rodriguez and Debra Shields as foster parents. *Id*. at ¶¶ 74 – 86, 138 – 161. Critically, however, it fails to allege Defendants had notice of Juan Rodriguez's or Debra Shields' foster son's propensity for sexual abuse. The FAC also adds new allegations that Plaintiff developed Post-Traumatic Stress Disorder ("PTSD") for her alleged abuse, (*id*. at 292) which prevented her from "believing that disclosure through legal action was possible or worthwhile." *Id*. at ¶ 296. She allegedly "considered" commencing a legal action in 2013, but "found herself incapable of doing so, given the extreme mental and emotional distress she felt" regarding her alleged abuse. *Id*. at ¶ 297. These allegations fall far short of what is required to establish equitable tolling of otherwise time-barred claims.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotations omitted). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. *Id*. A claim is considered "plausible on its face" only when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While a court must accept factual allegations as true at this stage, this tenet is inapplicable to conclusory allegations, unreasonable inferences, or unwarranted

deductions of fact in the pleading, and a pleading, "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly* at 555); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010). Under this standard, a plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Conclusory statements cannot "substitute for minimally sufficient factual allegations." *Paycom Billing Servs. v. Mastercard Intl, Inc.*, 467 F.3d 283, 289 (2d Cir. 2006). For example, the use of the phrase "upon information and belief" does not render impermissibly conclusory allegations non-conclusory. *Murray v. Nazareth Reg'l High Sch.*, 579 F.Supp. 3d 383, 389 (E.D.N.Y. 2021). Instead, such an allegation must be supported by factual information that makes the inference of culpability plausible. *Id.* (internal quotations omitted). If a plaintiff's allegations "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S TIME-BARRED CONSTITUTIONAL VIOLATION CLAIMS ARE NOT ELIGIBLE FOR EQUITABLE TOLLING RELIEF

The Court previously held that Plaintiff's causes of action for constitutional violations (Counts VI, VII, and VIII) are time-barred. ECF Dkt. 254 at p. 18. However, the Court permitted Plaintiff leave to allege facts to demonstrate entitlement to equitable tolling for these time-barred claims. *Id.* Notwithstanding the new facts alleged in the FAC, Plaintiff falls woefully short of entitlement to equitable tolling.

Equitable tolling is a "rare and exceptional" remedy, which requires establishing that (1) extraordinary circumstances prevented the filing of a timely claim and (2) the plaintiff acted with

3

reasonable diligence throughout the period she seeks to toll. *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023); *Mosca v. United States*, 602 F.Supp.3d 344, 347 (E.D.N.Y. 2022).

First, the FAC does not establish that Plaintiff's "PTSD" was both an extraordinary circumstance and prevented the timely filing of her 1983 causes of action. Plaintiff alleges that the psychological impact of her alleged abuse prevented her from bringing this suit until 2020, (ECF Dkt. 256 at ¶¶ 292-298) when she was twenty-eight years old. *Id.* at ¶ 250. At twenty-eight years old, Plaintiff had been out of the foster care system for **seven years**. Even if the Court accepted that allegations of Maria Rodriguez's threats to kill her if she reported her sexual abuse constituted an "extraordinary circumstance," she fails to allege how those threats completely barred her ability to file suit between 2013 and 2020. *Thomas v. Burmax Co., Inc.*, 2013 WL 6681616 at *5 (E.D.N.Y. Dec. 18, 2013); *cf. Schneider v. OSG, LLC*, 2024 WL 1308690 at fn. 3 (E.D.N.Y. Mar. 27, 2024) (tolling plaintiff's forced labor claims under the Trafficking Victims Protection Act (18 U.S.C. §§ 1598 and 1590) until he was free from his captors).

Furthermore, Plaintiff has failed to establish that her "extreme mental and emotional distress" caused her to miss her original filing deadline of 2010 (when she turned 18 and was no longer an infant) or a generously extended deadline of 2013 (when she left the foster care system and her alleged systemic abuse ended). *Smalls v. Collins*, 10 F.4th 117, 146 (2d Cir. 2021). Critically, Plaintiff admits that after being released from the custody of the City of New York, she contemplated commencing an action in 2013 but was incapable due to emotional and mental trauma sustained as a result of years of enduring sexual abuse from the alleged perpetrators. ECF Dkt. 256 ¶¶ 292-295. Plaintiff's alleged "extreme mental and emotional distress," even if diagnosed by a medical professional (which is not alleged the FAC), is insufficient to warrant equitable tolling. While Plaintiff argues her emotional state as relevant context regarding a

barrier for timely filing, it does not constitute an extraordinary circumstance which prevented her from functioning generally or understanding her legal rights during the limitations period. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000); *see also Rios v. Mazzuca*, 78 Fed. Appx. 742, 744 (2d Cir. 2003) (denying equitable tolling to schizophrenic petitioner because prior conduct indicated his ability, to some extent, to investigate and pursue legal avenues).

Moreover, Plaintiff is not entitled to equitable tolling because she has failed to demonstrate any reasonable diligence in pursuing her claims, and second, there are no allegations in the FAC that would support a finding of extraordinary circumstances which prevented her from doing so. *Id*. Plaintiff does not allege she repressed the alleged abuse to the point where she had no conscious memory of it; to the contrary, her aborted attempt to commence this action is 2013 demonstrates she had all of the "vital information" bearing on the existence of her claim at least seven years before commencing this case. *Cf. Saint-Jean v. Emigrant Mortgage Company*, 129 F.4th 124, 142 (2d Cir. 2025) ("Importantly, equitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to obtain vital information bearing of the existence of his claim within the statute of limitations period") (internal citations and quotations omitted). Accordingly, the FAC clearly establishes Plaintiff's understanding of a legal remedy to her allegations as early as 2013 and conscious choice not to pursue it. Seeking to excuse that inaction through broad allegations of undiagnosed mental illness is insufficient as a matter of law, and therefore her time-barred claims should not be subject to equitable tolling through 2020.

**POINT II**

**THE FAC FAILS TO PLEAD SUFFICIENT FACTUAL ALLEGATIONS TO ESTABLISH DEFENDANTS HAD ACTUAL OR CONSTRUCTIVE NOTICE OF ALLEGED ABUSERS PROPENSITY FOR SEXUAL ABUSE**

To establish a negligence cause of action based on sexual assault allegations in New York, a plaintiff must "in its complaint provide factual allegations concerning the tortfeasor's

5

propensity for sexual assault, as well as factual allegations suggesting that the defendant knew or should have known of any such prior acts by the tortfeasor." *Lafrantz v. St. Mary's Roman Cath. Church*, 2024 U.S. Dist. LEXIS 10154 at *13 (E.D.N.Y. Jan. 19, 2024), citing *C.Q. v. Est. of Rockefeller*, 2021 U.S. Dist. LEXIS 203563 at *24 (S.D.N.Y. Oct. 21, 2021). Further, the tortfeasor's "prior acts" must be of the **same kind** that caused the injury. *Doe v. Alsaud*, 12 F. Supp. 3d 674, 682 (S.D.N.Y. 2014) (emphasis added). To establish a cause of action for failure to report sexual abuse under New York's Social Services Law § 420, a plaintiff must establish the defendant had "reasonable cause" to suspect the plaintiff was "an abused or maltreated child." N.Y. Soc. Serv. Law § 413; *Brave v. City of New York*, 216 A.D.3d 728, 729 (N.Y. App. Div. 2023). In its March 3, 2025 Decision and Order, the Court held that Plaintiff failed to allege Defendants "had reasonable cause to suspect that Plaintiff was the victim of Juan Rodriguez's alleged sexual abuse, much less than any[one] knowingly and willfully failed to report it…" ECF Dkt. 254 at p. 35 (internal quotations omitted). The Court applied the same analysis to allegations of abuse in the Shields home. *Id*. at p. 36.

In the FAC, Plaintiff alleged both the Rodríguezes and Debra Shields were statutorily ineligible to house Plaintiff. ECF Dkt. 256 ¶¶ 73-86, 305-308. Specifically, the FAC alleges Juan and Maria Rodriguez were already caring for three children under the age of 13 years old, when Defendants' employer placed Plaintiff, along with three other children, in the household and in violation of New York's Social Services Law. *Id.* at ¶¶ 80-82. With respect to Ms. Shields, Plaintiff asserts broad allegations regarding abuse, neglect, and maltreatment, but fails to provide any specific detail regarding evidence of her foster children's propensities to commit sexual abuse. *Id.* at ¶¶ 139-149. At most, the FAC refers to a report of Ms. Shields locking her 17-year-old son out of the home overnight. *Id.* at ¶ 156.

6

The newly-added allegations of the FAC do not pertain to alleged sexual abuse. Thus, there are ***still no facts*** that would give rise to notice of either Juan Rodriguez's or Ms. Shields' foster son's alleged propensities to sexually abuse children. There are no specific facts that can establish Defendants' employer, much less Defendants, were aware of or should have been aware of a foreseeable danger of sexual abuse. *Id.* at ¶ 356-387. The FAC still alleges that Juan Rodriguez began sexually abusing Plaintiff when she was approximately 8 years old, *i.e.*, the year 2000. *Id.* at ¶ 90. And as the Court highlighted in its April 3, 2025 Decision and Order, "Plaintiff's brother's disclosure [of alleged abuse] predated the onset of the alleged sexual abuse by [Juan] Rodriguez by some time, **rendering it implausible** that that disclosure, absent any factual enhancement, was enough to put Floyd on notice of Rodriguez's propensity for sexual abuse. ECF Dkt. 254 at p. 44 (emphasis added). The FAC does not add the requisite factual enhancement to connect allegations that Plaintiff's brother reported abuse to the Defendants and that Defendants failed to prevent Plaintiff's sexual abuse. The FAC also fails to connect allegations that Debra Shields was a "confirmed child abuser" (Dkt. 256 at ¶¶ 143-144) with allegations that Defendants had actual or constructive notice that her foster son had a propensity for sexual abuse. ECF Dkt. 256 at ¶ 308, notwithstanding that Plaintiff "effectively abandoned" this argument during the briefing on Defendants' Motion to Dismiss the Third Amended Complaint. ECF Dkt. 254 at p. 46.

Nor does Plaintiff cure the defect of "lumping" Defendants together (*id.*) by listing the Defendants individually within the FAC. *See*, *e.g.*, ECF Dkt. 256 at ¶¶ 107-120, 125. The allegations still lump and group Defendants together "without describing which defendant is responsible for what conduct or when each defendant participated in that unspecified conduct." *Agudelo v. Recovo Mortgage Management LLC*, 2025 WL 1674486 at *9 (E.D.N.Y. June 13,

2025). At most, the FAC adds allegations that Defendants violated New York's Social Services Law §§ 375 and 378 by improperly certifying the Rodríguezes as foster parents and placing Plaintiff in their care (ECF Dkt. 256 at ¶¶ 75-82) and that Defendants violated New York's Social Services Law §§ 424-a by failing to investigate Debra Shields through the New York State Central Register of Abuse and Maltreatment. ECF Dkt. 256 at § 140-142. But each of these statutes fall within the ambit of title 6 of New York's Social Services Law, to which New York courts do not recognize a private right of action, with the exception of Social Services Law § 420. *Doe v. Rees*, 2025 WL 834786 at * 7 (N.D.N.Y. Mar. 17, 2025), citing *Rivera v. County of Westchester*, 31 Misc. 3d 985, 991 (N.Y. Sup. Ct. 2011) ("in the absence of a statutory provision permitting a private right of action,…there is no private right of action for claims made pursuant to title 6 of article 6 of the Social Services Law"). In short, the FAC "unjustifiably bridges the scienter gap between 'should have known' and 'might have been able to guess.'" *S.J. v. Choice Hotels International, Inc.*, 473 F.Supp.3d 147, 154 (E.D.N.Y. 2020). The FAC also clouds any distinction between each individual Defendant and violates Rule 8(a)(2). *Farmer v. County of Westchester*, 2021 WL 4199944 at *7 (S.D.N.Y. Sept. 15, 2021) (dismissing complaint under Rule 8(a)(2) where "the vast majority of allegations" relating to the defendant were "jointly alleged against most of the other [d]efendants without providing any factual basis to distinguish their conduct").

In the absence of these critical details, Plaintiff has yet again failed to state a claim upon which relief can be granted under Rule 12(b)(6). Defendants, individual employees of a foster care agency, could not have reasonably anticipated the third-party acts at issue. *Mirand v. City of N.Y.*, 84 N.Y. 2d 44, 49 (N.Y. 1994). Thus, Plaintiff cannot establish negligence against Defendants for improperly selecting her foster homes, providing insufficient supervision of the

foster homes, or failing to report suspected sexual abuse. *Mortimer*, 2018 U.S. Dist. LEXIS at *76.

## POINT III

## PERMITTING PLAINTIFF LEAVE TO FILE A
## FIFTH AMENDED COMPLAINT WOULD BE FUTILE

It is proper to deny a plaintiff leave to amend a complaint where there is no merit in the proposed amendments or amendment would be futile. *Flowers v. Conn. Light & Power Co.*, 2021 U.S. App. LEXIS 35105 at *5 (2d Cir. Nov. 29, 2021). Permitting Plaintiff leave to replead her time-barred claims a fifth time would be futile since she cannot cure such deficiencies. *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 309 (2d Cir. 2022); *Young v. Lugo*, 2023 U.S. Dist. LEXIS 19827 (E.D.N.Y. Feb. 6, 2023), citing *Kotler v. Charming Shoppes Inc.*, 2012 U.S. Dist. LEXIS 11577 at *3 (S.D.N.Y. Jan. 31, 2012).

The FAC fails to allege facts sufficient to establish the Defendants had either actual or constructive notice of any allegedly foreseeable or preventable sexual abuse. Despite multiple opportunities to amend her pleadings, Plaintiff still fails to set forth specific, non-conclusory allegations demonstrating the Defendants were, or should have been, aware of any prior conduct or conditions that would give rise to negligence or a failure to report suspected sexual abuse. Instead, the FAC relies on vague and speculative assertions that fall short of the plausibility standard. Plaintiff has also failed to establish entitlement to equitable tolling relief for Section 1983 claims.

As four successive Complaints have failed to establish Defendants were on notice of but failed to report the alleged abuse, repleading, once again, cannot rectify this issue. Without such allegations, the FAC fails to establish any basis for legal liability and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Consequently, Plaintiff should not be granted leave to serve

and file a *sixth* complaint due to substantive deficiencies grounds and the applicable statutes of limitations.

## **CONCLUSION**

For the reasons discussed above, the Court should grant the Defendants' Motion to Dismiss the Fourth Amended Complaint with Prejudice, and for such other relief as the Court deems just and proper.

Dated: New York, New York
July 1, 2025

Respectfully submitted,

/s/ *Karen Campbell*
Karen L. Campbell
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10005
Telephone: 212.232.1300
Facsimile: 212.232.1399
Karen.Campbell@lewisbrisbois.com

/s/ *Corey Shulman*
Corey L. Shulman
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10005
Telephone: 646.783.1720
Facsimile: 212.232.1399
Corey.Shulman@lewisbrisbois.com

/s/ *Zachary Candelaria*
Zachary Candelaria
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10005
Telephone: 212.232.1405

Facsimile: 212.232.1399  
Zachary.Candelaria@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I hereby certify on the 1st day of July, 2025, the foregoing was served on counsel of record through the Court's electronic filing system.

/s/ Corey Shulman