UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SABRINA ROLDAN<br><br>    Plaintiff,<br><br>  -against-<br><br>ADOLFO LEWIS, CECILIA ELLIS, NATALIE BARNWELL, individually and as director, HEARTSHARE HUMAN SERVICES OF NEW YORK, HEARTSHARE ST. VINCENT'S SERVICES, MARK CASNER, GLORIA ANTONSANTI, MARIBEL CRUZ, VALERIE RUSSO, individually and as deputy Commissioner, CITY OF NEW YORK; CONCORD FAMILY SERVICES; LELAR FLOYD, individually and as executive director; LUZ LIBURD, individually and as deputy director, JACQUELINE MOSELEY, individually and as program director; THEODORA DIGGS, individually and as program director; CLAIRE HAYNES, and CHARMAINE FRANK<br><br>    Defendants. | Case No. 20-cv-3580-HG-MMH |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS LELAR FLOYD, JACQUELINE HARRIS, THEODORA DIGGS, CLAIRE HAYNES, and CHARMAINE FRANK'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ..................................................................................................ii, iii

INTRODUCTION ......................................................................................................................1

POINT I   SEEKING DISMISSAL OF IMPLAUSIBLE AND TIME-BARRED
CLAIMS IS NOT A "DELAY TACTIC" ..................................................................2

POINT II   THE FAC DOES NOT STATE PLAUSIBLE CLAIMS FOR NEGLIGENCE,
NEGLIGENT SUPERVISION AND RETENTION, OR STATUTORY
FAILURE TO REPORT SEXUAL  AGAINST THE CONCORD
DEFENDANTS ........................................................................................................3

POINT III   PLAINTIFF'S PRIOR LAWSUIT SHOULD BAR  ALL CLAIMS OF
EQUITABLE TOLLING..........................................................................................7

CONCLUSION...........................................................................................................................9

# TABLE OF AUTHORITIES

<b><u>Page</u></b>

**Federal Cases**

*Agudelo v. Recovo Mortgage Management LLC*,
  2025 WL 1674486 (E.D.N.Y. June 13, 2025) ...............................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .....................................................................................................2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .....................................................................................................2

*Brown v. Parkchester South Condominiums*,
  287 F.3d 58 (2d Cir. 2002)...........................................................................................7

*Canales v. Sullivan*,
  936 F.2d 755 (2d Cir. 1991).........................................................................................8

*Carabello v. New York City Dept. of Educ.*,
  928 F.Supp.2d 627 (E.D.N.Y. 2013) ...........................................................................5

*Doe by and through Doe v. East Irondequoit Central School District*,
  2018 WL 2100605 (W.D.N.Y. May 7, 2018)...............................................................5

*Doe v. Alsaud*,
  12 F.Supp.3d 674 (S.D.N.Y. 2014) .........................................................................5, 9

*Doe v. United States*,
  76 F.4th 64 (2d Cir. 2023) ...........................................................................................8

*Friedman v. New York City Admin. For Children's Services*,
  2005 WL 2436219 (E.D.N.Y. Sept. 30, 2005) .............................................................2

*G.G. v. Salesforce.com, Inc.*,
  76 F.4th 544 (7th Cir. 2023) ........................................................................................5

*Lafrantz v. St. Mary's Roman Cath. Church*,
  2024 U.S. Dist. LEXIS 10154 (E.D.N.Y. Jan. 19, 2024) .............................................6

*Lama v. Malik*,
  58 F.Supp.3d 226 (E.D.N.Y. 2014) .............................................................................8

*Long v. Card*,
  882 F.Supp. 1285 (E.D.N.Y. 1995) .............................................................................7

*In re Martino*,
  429 B.R. 66 (Bankr.E.D.N.Y. 2010) ..................................................................................2

*Matzell v. Annucci*,
  64 F.4th 425, 433 (2d Cir. 2023) ......................................................................................3

*Pearl v. City of Long Beach*,
  296 F.3d 76 (2d Cir. 2002) ...............................................................................................7

*Rios v. Mazzuca*,
  78 Fed. Appx. 742 (2d Cir. 2003) ....................................................................................7

*Roldan v. Casner*,
  No. 13-cv-2950 (E.D.N.Y. 2013) ..................................................................................1,7

*Stora v. Don't Ask Why Outfitters*,
  2016 WL 10571885 (E.D.N.Y. Dec. 7, 2016) ..................................................................4

*Valverde v. Stinson*,
  224 F.3d 129 (2d Cir. 2003) ..........................................................................................7, 8

**Statutes**

42 U.S.C. § 1983 ...........................................................................................................................1

New York's Child Victims Act ................................................................................................1, 6

New York's Social Services Law ............................................................................................5, 6

Trafficking Victims Protection Reauthorization Act, Fair Labor Standards Act,
  and New York's Labor Law ...........................................................................................8

**Court Rules**

Federal Rule of Civil Procedure 8 ............................................................................................2,4

## INTRODUCTION

Despite five opportunities to plead facts supportive of claims sounding in negligence and violations of New York's Social Services Law and 42 U.S.C. § 1983, Plaintiff still falls woefully short in establishing plausible causes of action against Defendants Lelar Floyd, Jacqueline Harris, Theodora Diggs, Claire Haynes, and Charmaine Frank ("Concord Defendants"). First, Plaintiff's opposition to the instant motion (ECF Dkt. 272, "Opposition") does not address her inability to allege plausibly that the Concord Defendants had notice or reasonable suspicion of her alleged abusers' propensities for sexual abuse. The Fourth Amended Complaint ("FAC") and Opposition inundate the Court and parties with extensive allegations of non-sexual physical abuse, neglect and maltreatments that occurred in conjunction with alleged sexual abuse. Nowhere does the FAC set forth the Concord Defendants' notice or reasonable suspicion of alleged sexual abuse or of the alleged abusers' propensities for sexual abuse. Though the Court and parties agree that allegations of physical abuse are time-barred and not revived by New York's Child Victims Act ("CVA"), Plaintiff does not "connect the dots" between these allegations of physical abuse and notice of sexual abuse. As Plaintiff cannot plausibly connect these allegations, the FAC fails to allege plausible causes of action against the Concord Defendants for negligence (Count I) or failure to report child abuse (Count III).

Second, neither the FAC nor the Opposition demonstrates Plaintiff's entitlement to equitable tolling of her otherwise time-barred 1983 causes of action (Counts VI, VII, and VIII). To the contrary, the Opposition highlights Plaintiff's ability to understand her legal rights as early as 2013, **when she filed and voluntarily dismissed a nearly identical action in this Court**. *See Roldan v. Casner*, 13-cv-02950 at Dkt. 1 & 4 (E.D.N.Y. 2013). Respectfully, the Court should not permit Plaintiff to abandon and revive claims at her leisure and at the Concord Defendants' significant prejudice.

# POINT I

## SEEKING DISMISSAL OF IMPLAUSIBLE AND TIME-BARRED CLAIMS IS NOT A "DELAY TACTIC"

The **first sentence** of the Opposition's legal argument is inaccurate. ECF Dkt. 272 at p. 15. This Court has **not** "refused to dismiss Plaintiff's case" as it relates to the Concord Defendants. Quite the opposite: the Court's March 3, 2025 Order dismissed all causes of action against the Concord Defendants (ECF Dkt. 254 at p. 53-54), even if it granted Plaintiff leave to amend as to Counts I, III, VI, VII, and VIII (*id.*). Plaintiff cites a number of cases denying motions to dismiss to avoid "fragmentary disposal of what is essentially one matter" (ECF Dkt. 272 at p. 15), but those involved a finding of sufficient allegations for a cause of action, and *then* determining additional causes of action would survive as arising from the same facts. *See*, *e.g.*, *Friedman v. New York City Admin. For Children's Services*, 2005 WL 2436219, at *9 (E.D.N.Y. Sept. 30, 2005). In contrast, a motion to dismiss is appropriate "where causes of action are fatally flawed" and "to spare litigants the burdens of unnecessary pre-trial and trial activity." *In re Martino*, 429 B.R. 66, 70 (Bankr.E.D.N.Y. 2010). While the Court may have deemed certain causes of action plausibly pled against the Codefendants in this case, it has yet to do so against the Concord Defendants.

The Concord Defendants have not neither engaged in "delay tactics" nor "ignored" Federal Rule of Civil Procedure 8(a)(2). Plaintiff conflates the federal pleading standard requiring only "fair notice of a claim" (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) with "threadbare recitals" of the elements of a claim (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). As explained below, the FAC alleges no new facts to survive this Motion to Dismiss.

**POINT II**

**THE FAC DOES NOT STATE PLAUSIBLE CLAIMS FOR NEGLIGENCE, NEGLIGENT SUPERVISION AND RETENTION, OR STATUTORY FAILURE TO REPORT SEXUAL AGAINST THE CONCORD DEFENDANTS**

Plaintiff argues the FAC states viable claims against the Concord Defendants for negligence and statutory failure to report sexual abuse yet fails to address the pleading defects the Court cited in its March 3, 2025 Order and those cited in the instant motion.

As an initial matter, the Court deemed Plaintiff's claims against the Concord Defendants regarding Debra Shield's foster son as effectively abandoned and subject to dismissal. ECF Dkt. 254 at p. 46. Even if the Court were to afford Plaintiff an opportunity to revive the claim, the FAC still fails to provide more than conclusory allegations lacking plausibility. For example, Plaintiff broadly alleges physical abuse, neglect, and maltreatment at the Shields home, but fails to allege her foster children's propensities to commit sexual abuse. ECF Dkt. 256 at ¶¶ 139-149. At most, the FAC refers to a report of Ms. Shields locking her 17-year-old son out of the home overnight. *Id.* at ¶ 156. As the Court aptly stated in its March 5, 2025 Memorandum and Order, "…the claim is subject to dismissal because Plaintiff **pleads no facts to suggestive of the boy's propensity to sexually abuse Plaintiff**." ECF Dkt. 254 at p. 46 (emphasis added). These allegations simply do not provide factual content required to "draw the reasonable inference that the defendant is liable for the misconduct alleged." ECF Dkt. 254 at pp. 10-11, citing *Matzell v. Annucci*, 64F.4th 425, 433 (2d Cir. 2023).

The allegations regarding Juan Rodriguez fare no better. The FAC continues to allege that Juan Rodriguez began sexually abusing Plaintiff when she was approximately eight years old, *e.g.* the year 2000. Dkt. 256 at ¶ 90. Thus, in order to plausibly allege negligence or negligent supervision, Plaintiff must provide some factual content that the Concord Defendants knew or should have known of Juan Rodriguez's propensity for sexual abuse before the year 2000, or while

3

the alleged sexual abuse occurred. The FAC does neither, and continues to rely on two factual contentions as a basis for notice: (1) Plaintiff's brother's disclosure of *physical abuse* at the hands of the Rodriguezes to a mental health professional in 1998 (*id*. at ¶¶ 104-105) and (2) unspecified reports of "abuse and neglect" from staff at Plaintiff's elementary school to the City of New York and Concord (*id*. at ¶ 122). The Court readily disposed of the first basis and deemed it implausible to establish notice of sexual abuse, since the report was made two years *before* the sexual abuse allegedly began. ECF Dkt. 254 at p. 44 ("'such disclosure predated the onset of the alleged sexual abuse by Rodriguez by some time, rendering it implausible…"). The second basis fails the Court's March 3, 2025 analysis in that the allegation "say[s] nothing at all about what Concord Defendants – as opposed to Concord – knew about Juan Rodriguez, contrary to Plaintiff's assertion." *Id*. To use that allegation against the Concord Defendants, Plaintiff would have to rely on a "reverse-imputation of knowledge" theory, which is not based in legal authority. *Id*.

Paragraph 125 of the FAC vaguely alleges that "Juan Rodriguez's sexual abuse of plaintiff continued regularly after this report about suspected abuse and neglect was received by defendants…Floyd, Barnwell, Diggs, Harris, Haynes, and Frank, and not reported to the New York State Central Register of Child Abuse and Maltreatment." ECF Dkt. 256 at ¶ 125. First, this allegation violates Rule 8, as it fails to plead enough facts with respect to each defendant to state a claim. ECF Dkt. 254 at p. 35, citing *Stora v. Don't Ask Why Outfitters*, No. 15-cv-7106, 2016 WL 10571885, at *7 (E.D.N.Y. Dec. 7, 2016). Merely converting the term "Concord Defendants" into a list of the named Concord Defendants does not magically provide notice to each Concord Defendant. As the allegations in the FAC fail to describe "which defendant is responsible for what conduct or when each defendant participated in that unspecified conduct," (ECF Dkt. 271-1 at pp.

7-8, citing *Agudelo v. Recovo Mortgage Management LLC*, 2025 WL 1674486, at *9 (E.D.N.Y. June 13, 2025)), Plaintiff cannot plausibly allege negligence against the Concord Defendants.

Second, these allegations do not plausibly establish the Concord Defendants knew of, should have known of, or reasonably suspected Juan Rodriguez's propensity for **sexual abuse**. The FAC curiously omits any allegation that the Concord Defendants were apprised of reports of sexual misconduct, couching allegations vaguely as "abuse, "neglect," or "maltreatment." *See*, *e.g.*, Dkt. 256 at ¶¶ 114, 122 & 125. The Concord Defendants do not argue that actual notice of sexual abuse is necessary, as the Court highlighted in its March 3, 2025 Order. ECF Dkt. 254 at p. 32. Constructive notice is adequate as long as it constitutes "**sufficiently specific** knowledge or notice of the dangerous conduct." *Carabello v. New York City Dept. of Educ.*, 928 F.Supp.2d 627, 647 (E.D.N.Y. 2013) (emphasis added). Stated differently, there must be facts alleged to connect the notice with the alleged bad act, and that the notice involved the same or similar conduct. *Doe v. Alsaud*, 12 F.Supp.3d 674, 681 (S.D.N.Y. 2014) ("**general**, unrelated or lesser allegations of prior wrongdoing are insufficient.") (emphasis added); *Doe by and through Doe v. East Irondequoit Central School District*, 2018 WL 2100605, at *28-9 (W.D.N.Y. May 7, 2018) (holding defendant's unspecified criminal charge of endangering the welfare of a child insufficient to establish notice of defendant's propensity for sexual abuse); *see also G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 557 (7th Cir. 2023) ("[T]o allow allegations that a civil defendant was aware of sporadic sex trafficking in low-budget hotels generally to show constructive knowledge of a particular sex trafficking venture unjustifiably bridges the scienter gap between 'should have known' and 'might have been able to guess'").

Plaintiff argues she has plausibly alleged a failure to report child sexual abuse under New York's Social Services Law because the FAC "states that victims or eyewitnesses to child abuse

5

advised the Concord Defendants, among others, of incidents of child abuse which the Concord Defendants failed to report." ECF Dkt. 272 at p. 31. But as the Court noted in dismissing the Third Amended Complaint, "Plaintiff concedes that claims based on non-sexual abuse are unrevived by the CVA and ASA, stating that she is not seeking damages for physical abuse and neglect pursuant to those revival statutes…" ECF Dkt. 254 at p. 13 (quotations omitted). Plaintiff may only pursue claims for sexual abuse as revived by the CVA. Thus, in order for Plaintiff to seek redress under the CVA for alleged violations of the Social Services Law, she needs to establish the Concord Defendants had reasonable cause to suspect Plaintiff was a victim of sexual abuse, which she has failed to do. ECF Dkt. 254 at p. 35.

Plaintiff argues the FAC's newly added allegations of the Concord Defendants' violations of New York's Social Services Law (namely improper certification of the Rodriguezes and Debra Shields as foster parents) somehow acts as proof of negligence *per se* to impose liability. ECF Dkt. 272 at p. 17. But this argument is a red herring. None of these newly added allegations support a claim that either Juan Rodriguez or the foster son of Debra Shields had a propensity for sexual abuse, or more importantly, that the Concord Defendants knew or should have known of any such propensity. *Lafrantz v. St. Mary's Roman Cath. Church*, 2024 U.S. Dist. LEXIS 10154, at *13 (E.D.N.Y. Jan. 19, 2024).

As the FAC fails to allege facts which plausibly placed the Concord Defendants on notice of any foster parent's propensity for sexual abuse, the FAC fails to state a cause of action for negligence, negligent hiring, supervision, or retention, or a failure to report child sexual abuse under New York's Social Services Law.

# POINT III

## PLAINTIFF'S PRIOR LAWSUIT SHOULD BAR
## ALL CLAIMS OF EQUITABLE TOLLING

Plaintiff does not plausibly establish entitlement to equitable tolling as to her federal constitutional claims. Plaintiff argues her prior and voluntarily discontinued lawsuit, *Roldan v. Casner*, No. 13-cv-2950 (E.D.N.Y. 2013), demonstrates diligent pursuit of her rights, while simultaneously arguing her trauma associated with the allegations rendered her "utterly incapable of continuing the action…" ECF Dkt. 272 at p. 32. The fact that Plaintiff **commenced a lawsuit in 2013** clearly demonstrates her ability to investigate and pursue legal action **seven years before this suit**. *Rios v. Mazzuca*, 78 Fed. Appx. 742, 744 (2d Cir. 2003) (denying equitable tolling to schizophrenic petitioner because prior conduct evidenced his ability, to some extent, to investigate and pursue legal avenues); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) ("A plaintiff must demonstrate that it would have been "impossible for a reasonably prudent person to learn about his or her cause of action"). While the Concord Defendants do not concede Plaintiff timely filed suit in 2013, this Court has declined to apply equitable tolling to lawsuits that were timely commenced, voluntarily discontinued, and refiled beyond the statute of limitations. *Long v. Card*, 882 F.Supp. 1285, 1288 (E.D.N.Y. 1995).

Plaintiff addresses none of the caselaw cited in the instant motion, and the caselaw she cites in Opposition (ECF Dkt. 272 at p. 38) is readily distinguishable. For example, the Second Circuit ordered an evidentiary hearing in *Brown v. Parkchester South Condominiums*, 287 F.3d 58 (2d Cir. 2002) because the *pro se* plaintiff timely served defendant with a summons, but failed to attach a complaint due to "certain medical and mental conditions." *Id*. at 61. In *Valverde v. Stinson*, 224 F.3d 129 (2d Cir. 2003), the Second Circuit directed a limited evidentiary hearing because the plaintiff alleged a corrections officer confiscated his habeas corpus petition just before the filing

7

deadline, constituting an "intentional obstruction of [his] access to the courts." *Id*. at 133-34. In *Lama v. Malik*, 58 F.Supp.3d 226 (E.D.N.Y. 2014), the Court ordered a hearing on Plaintiff's entitlement to equitable tolling because she plausibly alleged the defendants prevented her from learning of her legal rights as a housekeeper under the Trafficking Victims Protection Reauthorization Act, Fair Labor Standards Act, and New York's Labor Law. *Id*. at 235 ("The Court notes that merely knowing one has a general entitlement to compensation for work performed is very different from awareness of a legal right to minimum wage and overtime compensation under the FLSA or the NYLL.").

Ultimately, the cases Plaintiff cites in her Opposition permit an evidentiary hearing in circumstances where a plaintiff's physical or mental condition results in a technical defect or precludes the understanding of fundamental legal rights. *See Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991) (plaintiff plausibly alleged her diagnosed mental illness prevented her from learning of the right to appeal a denial of Supplemental Security Income benefits). And in *Canales*, the plaintiff made a prima facie showing of entitlement to a hearing by submitting an affidavit connecting the impairment with a fundamental misunderstanding of legal rights. *Id*. at 757. Here, Plaintiff's purported posttraumatic stress disorder and depression did not obscure her understanding of commencing a lawsuit against the Concord Defendants, as she commenced such a suit in 2013. While Plaintiff may have demonstrated diligent pursuit of her rights in 2013 after she left the New York City foster care system, she has not established her emotional state "stood in her way" of seeking legal redress. *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023). She cannot plausibly allege threats from the Rodriguezes prevented her from pursuing legal action, since she filed suit in 2013, *after* the Rodriguezes made the alleged threats. Nor can she plausibly allege her sexual abuse "created a persistent psychological barrier to believing that legal action

deadline, constituting an "intentional obstruction of [his] access to the courts." *Id*. at 133-34. In *Lama v. Malik*, 58 F.Supp.3d 226 (E.D.N.Y. 2014), the Court ordered a hearing on Plaintiff's entitlement to equitable tolling because she plausibly alleged the defendants prevented her from learning of her legal rights as a housekeeper under the Trafficking Victims Protection Reauthorization Act, Fair Labor Standards Act, and New York's Labor Law. *Id*. at 235 ("The Court notes that merely knowing one has a general entitlement to compensation for work performed is very different from awareness of a legal right to minimum wage and overtime compensation under the FLSA or the NYLL.").

Ultimately, the cases Plaintiff cites in her Opposition permit an evidentiary hearing in circumstances where a plaintiff's physical or mental condition results in a technical defect or precludes the understanding of fundamental legal rights. *See Canales v. Sullivan*, 936 F.2d 755 (2d Cir. 1991) (plaintiff plausibly alleged her diagnosed mental illness prevented her from learning of the right to appeal a denial of Supplemental Security Income benefits). And in *Canales*, the plaintiff made a prima facie showing of entitlement to a hearing by submitting an affidavit connecting the impairment with a fundamental misunderstanding of legal rights. *Id*. at 757. Here, Plaintiff's purported posttraumatic stress disorder and depression did not obscure her understanding of commencing a lawsuit against the Concord Defendants, as she commenced such a suit in 2013. While Plaintiff may have demonstrated diligent pursuit of her rights in 2013 after she left the New York City foster care system, she has not established her emotional state "stood in her way" of seeking legal redress. *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023). She cannot plausibly allege threats from the Rodriguezes prevented her from pursuing legal action, since she filed suit in 2013, *after* the Rodriguezes made the alleged threats. Nor can she plausibly allege her sexual abuse "created a persistent psychological barrier to believing that legal action

was possible or even worthwhile" (ECF Dkt 272 at p. 35), as her counsel in this case represented her in her 2013 action.

As Plaintiff's commencement and voluntary dismissal of this case in 2013 plainly demonstrates her understanding of retaining counsel and seeking legal redress at least twelve years ago, she cannot establish an "extraordinary circumstance stood in her way," an element necessary for equitable tolling. *Doe*, F.4th at 71. ("The law prohibits a judge from exercising her discretion where one of these two elements is missing"). Concord Defendants respectfully request the Court deny Plaintiff's claim for equitable tolling and dismiss the causes of action alleging federal constitutional violations as time-barred.

## CONCLUSION

For the reasons discussed above, the Court should grant the Defendants' Motion to Dismiss the Fourth Amended Complaint with Prejudice, and for such other relief as the Court deems just and proper.

Dated: New York, New York
August 14, 2025

Respectfully submitted,

/s/ *Karen Campbell*
/s/ *Corey Shulman*
Karen L. Campbell
Corey L. Shulman
LEWIS BRISBOIS BISGAARD & SMITH LLP
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Telephone: 212.232.1300
Facsimile: 212.232.1399
Karen.Campbell@lewisbrisbois.com
Corey.Shulman@lewisbrisbois.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system this 14th day of August, 2025.

                                            */s/ Corey Shulman*
                                            Corey Shulman