UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SABRINA ROLDAN,

                          Plaintiff,                    20-CV-3580 (HG)

             -against-

ADOLFO LEWIS, CECILIA ELLIS, NATALIE
BARNWELL, HEARTSHARE HUMAN SERVICES OF
NEW YORK, HEARTSHARE ST. VINCENT'S
SERVICES, MARK CASNER, GLORIA
ANTONSANTI, MARIBEL CRUZ, VALERIE RUSSO,
CITY OF NEW YORK, CONCORD FAMILY
SERVICES, LELAR FLOYD, LUZ LIBURD,
JACQUELINE MOSELEY, THEODORA DIGGS,
CLAIRE HAYNES, AND CHARMAINE FRANK,

                          Defendants.
-------------------------------------------------------------------X


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS THE
CITY OF NEW YORK, MARK CASNER, GLORIA ANTONSANTI, MARIBEL CRUZ
and VALERIE RUSSO'S MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED
COMPLAINT**

BARRY McTIERNAN & MOORE LLC

Suzanne Halbardier, Esq.
Attorneys for Defendants
City of New York, Mark Casner, Gloria
Antonsanti, Maribel Cruz and Valerie Russo
One Battery Park Plaza – 35th Floor
New York, NY 10004
212-313-3600
File No.: NYC 69238

# TABLE OF CONTENTS

LEGAL ARGUMENT ................................................................................................ 1

   I.    Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint is Not an Inappropriate Delay Tactic ..................................................................................... 1

   II.   Plaintiff Has Not Stated a Claim for Negligent Supervision and Retention as to City Defendants ............................................................................................................ 2

   III.   Plaintiff Has Not Stated a Claim for Negligent and Statutory Failure to Report Child Abuse as to City Defendants ............................................................................... 4

   IV.   Equitable Tolling Does Not Apply to Plaintiff's Section 1983 Claims ......................... 5

CONCLUSION .................................................................................................... 7

# TABLE OF AUTHROITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009) ....................................................................5

*Bacchus v. N.Y.C. Dep't of Educ.*, 137 F. Supp.3d 214, 235 (2015) .........................................3

*Boykin v. KeyCorp*, 521 F.3d 202, 212 (2d Cir. 2008) ............................................................5

*Chisolm-Mitchell v. Ahmed*, 2021 U.S. Dist. LEXIS 26803, *11 (E.D.N.Y. 2021) ....................3

*Diana G-D ex rel. Ann D. v. Bedford Cent. Sch. Dist.*, 932 N.Y.S.2d 316, 329 (N.Y. Sup. Ct. 2011) ........................................................................................................................6

Doe v. Poly Prep Country Day Sch., 2022 U.S. Dist. LEXIS 177670 .....................................6

*Doe v. United States*, 76 F.4th 64, 68 (2d Cir. 2023) ..............................................................7

*Kwitko v. Camp Shane, Inc.*, 224 A.D.3d 895, 896 (2d Dep't. 2024) ......................................5

*Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 204 (2d Cir. 1985) ..............................7

*Pace v. DiGuglielmo*, 544 U.S. 408 (2005) ........................................................................7

*Thibodeaux v. Travco Ins. Co.*, 2014 U.S. Dist. LEXIS 12688, *5 (E.D.N.Y. 2014)..................3

*Townsend v. Superintendent*, 2006 U.S. Dist. LEXIS 48008, 2006 WL 721517 .......................8

## <u>LEGAL ARGUMENT</u>

Defendants The City of New York and individual defendants Mark Casner, Gloria Antonsanti, Maribel Cruz, and Valerie Russo (together "City Defendants"), by its attorneys, Barry McTiernan & Moore LLC, submits its Reply Memorandum of Law in further support of City Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint.

### I. Defendant's Motion to Dismiss Plaintiff's Fourth Amended Complaint is Not an Inappropriate Delay Tactic

Plaintiff attempts to argue that Defendants' Motion to Dismiss Plaintiff's Fourth Amended Complaint is an inappropriate delay tactic in violation of Federal Rule of Civil Procedure 8(a)(2). However, the rule requires that a Plaintiff show that she is entitled to relief on each claim. Federal courts have frequently dismissed improper claims while permitting valid claims upon which relief can be granted to continue. *See Chisolm-Mitchell v. Ahmed*, 2021 U.S. Dist. LEXIS 26803, *11 (E.D.N.Y. 2021) (dismissing the plaintiff's claims for conspiracy and First Amendment retaliation for failure to state a claim and allowing claim for malicious prosecution to proceed); *Bacchus v. N.Y.C. Dep't of Educ.*, 137 F. Supp.3d 214, 235 (2015) (dismissing claim for discrimination and claim for breach of contract against one defendant and upholding claim for discrimination against another defendant). As the validity of Plaintiff's claims depends on the specific facts alleged for each separate foster home and defendant, the claims are not so integrally related as to prevent the dismissal of some but not others. *See Thibodeaux v. Travco Ins. Co.*, 2014 U.S. Dist. LEXIS 12688, *5 (E.D.N.Y. 2014) (denying dismissal of a claim for breach of the covenant of good faith and fair dealing and a claim for unjust enrichment against one defendant regarding one insurance policy, one homeowner, and one fire).

1

The fact that this Court already dismissed some of Plaintiff's claims shows that this motion is proper. *See* Memorandum & Order dated March 3, 2025 at 53. Plaintiff has only been permitted to file a Fourth Amended Complaint because her previous complaint failed to state a claim upon which relief could be granted and was dismissed without prejudice with leave to amend. Plaintiff attempted to amend the claims in the Fourth Amended Complaint, but as argued in this memo and City Defendant's Memorandum of Law in Support of the Motion to Dismiss Plaintiff's Fourth Amended Complaint, plaintiff's amendments should be rejected. Plaintiff should not be permitted to proceed on unsubstantiated and legally baseless claims solely because she was unable to produce a legally satisfactory complaint the first three times. This is not a delay tactic from Defendants, who have already produced discovery here and in previous lawsuits, but an attempt by Plaintiff to proceed on baseless claims and avoid the statute of limitations.

## II.     Plaintiff Has Not Stated a Claim for Negligent Supervision and Retention as to City Defendants

Plaintiff claims that the allegations in the Fourth Amended Complaint, although lacking the facts necessary to state a claim upon which relief may be grated, are sufficient because "the facts as to Defendants' liability are peculiarly within the possession and control of the defendants." Doc. 272 at 27. However, City Defendants served a Response to Plaintiff's Second Request for Documents on February 25, 2025, before Plaintiff filed her Fourth Amended Complaint. *See* **Exhibit A**. Further, Plaintiff has admitted to having the discovery produced by defendants in the previous lawsuits brought by her siblings. *See* Doc. 272-1 at 5. Therefore, Plaintiff has all of the information necessary to plead sufficient facts to state a claim for relief that is plausible on its face. That she has not done so in the Fourth Amended Complaint only serves to prove that no such facts exist, and her claim is not plausible.

Plaintiff attempts to argue that City Defendants are negligent *per se* for a number of statutory violations centered around certifying foster homes. *See* Doc. 272 at 25. However, CVA and the ASA revived all civil claims of actions "which would constitute a sexual offense" against a minor that would have otherwise been time-barred. CPLR § 214-g; CPLR § 214-j. These alleged statutory violations are not covered and are thus time barred by the statute of limitations.

Plaintiff alleges that the defendant must establish prima facie that it lacked notice of a person's propensity for the conduct that caused the injury. However, Plaintiff's sole legal support for that allegation, *Kwitko v. Camp Shane, Inc.*, 224 A.D.3d 895, 896 (2d Dep't. 2024), was a motion for summary judgment, where the movant was required to provide evidence to establish their entitlement to the judgment as a matter of law. *See* Doc. 272 at 20. To survive a motion to dismiss, a plaintiff's complaint must state a claim for relief plausible on its face without unsubstantiated conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009). Contrary to Plaintiff's allegation, it is she who must prove her claim by alleging sufficient facts. Plaintiff's claims that City Defendants knew or should have known about propensity for sexual violence in the Shields and Shores homes is a conclusion without factual support and must be dismissed.

Plaintiff makes a similar baseless allegation that agencies must prove they have complied with an obligation to protect children in their legal custody, which has no bearing on a motion to dismiss an insufficient pleading. *See* Doc. 272 at 20. Further, she compares her claims to the discrimination claims of *Boykin v. KeyCorp*, 521 F.3d 202, 212 (2d Cir. 2008) where it was established that discrimination pleadings only have to meet the Federal Rule of Civil Procedure 8(a)(2) standard, not the McDonnell Douglas burden shifting framework. This is irrelevant,

because Plaintiff has not made any such claims, and her existing claims do not meet the rule's requirement of stating a plausible claim for relief.

Plaintiff alleges that City Defendants had knowledge or notice that the Hoyte foster home was dangerous and knew or should have known of Hoyte's propensity for violence. FAC ¶ 317, 322. Contrary to Plaintiff's claim, those are the only two statements concerning City Defendant's actions or inactions with the Hoyte foster home. Plaintiff has not provided any more factual information to support that baseless accusation. Conclusory statements are insufficient to support a claim, and so it must be dismissed.  Further, Plaintiff has not factually supported her allegation that City Defendants knew about Max Shore's propensity for sexual violence. Dolores Shore's alleged inability to control children that engage in sexual misbehavior is irrelevant when City Defendants had no knowledge that anyone would engage in such behavior, and further irrelevant to City Defendant's liability. See Doe v. Poly Prep Country Day Sch., 2022 U.S. Dist. LEXIS 177670, *3 (holding that the plaintiff's allegations that a school tolerated abuse committed by a staff member does not demonstrate foreseeability of danger of abuse to the plaintiff from another staff member).

### III.    Plaintiff Has Not Stated a Claim for Negligent and Statutory Failure to Report Child Abuse as to City Defendants

Plaintiff correctly states that professionals have a duty to report suspected child abuse. However, abuse must first be suspected through reasonable cause to suspect abuse and notice of the abuse. *See Diana G-D ex rel. Ann D. v. Bedford Cent. Sch. Dist.*, 932 N.Y.S.2d 316, 329 (N.Y. Sup. Ct. 2011); *Easterbrooks v. Schenectady County*, 218 A.D.3d 969, 973 (N.Y. App. Div. 2023). Plaintiff argues that the individual defendants had a duty to report any abuse of Plaintiff but has not alleged any facts sufficient to conclude that they had notice of such abuse. *See* Doc.

272 at 30. Any allegation of such notice is a legal conclusion without factual support and cannot survive a motion to dismiss.

**IV.     Equitable Tolling Does Not Apply to Plaintiff's Section 1983 Claims**

Plaintiff has the burden of demonstrating the appropriateness of equitable tolling. *See Miller v. International Tel. & Tel. Corp.*, 755 F.2d 20, 204 (2d Cir. 1985). She must establish "(1) that (s)he has been pursuing (her) his rights diligently, and (2) that some extraordinary circumstance stood in (her) his way and prevented timely filing." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Plaintiff has not met her burden.

Plaintiff has not diligently pursued her rights. Plaintiff alleges that her psychological conditions formed an extraordinary circumstance that prevented her from filing a lawsuit. However, plaintiff originally filed a lawsuit in 2013 and then discontinued yet was fully cognizant of the potential claim. For the next seven years, Plaintiff made no allegations that she diligently pursued her rights. She did not allege that she received counseling to overcome her symptoms and file a new lawsuit. She did not allege that she consulted with legal assistance at any point. She simply and suddenly overcame her circumstances as soon as the Child Victim Act was passed. Plaintiff has not presented any facts that she in fact suffered from the symptoms allegedly creating the extraordinary circumstances for the entire seven years.

Plaintiff attempts to compare the facts of her case to *Doe v. United States*, 76 F.4th 64, 68 (2d Cir. 2023), but Plaintiff has not presented similar facts. In *Doe*, the court found that the "record permits the factual conclusion that Doe's fear for her father's safety overcame her fear for herself and thereby allowed her to come forward when she did." *Id*. at 73. The catalyst for Plaintiff allegedly overcoming her extraordinary circumstances was the Child Victims Acts that conveniently opened a lookback period for her negligence claims. Plaintiff's circumstances did

not change, the law did, which is not adequate to trigger equitable tolling. Plaintiff alleged that the seven years had provided her sufficient distance from the events of the past but has not alleged that sufficient distance was not found after five years, or six years. *See Townsend v. Superintendent*, 2006 U.S. Dist. LEXIS 48008, 2006 WL 721517 (finding that, even if petitioner suffered from depression, he failed to present evidence that his depression prevented him from pursuing his legal rights throughout the statutory period). Plaintiff has not sufficiently alleged that she suffered from a complete bar to pursuing legal action, and thus equitable tolling is not warranted.

Plaintiff is not entitled to equitable tolling due to any government action. In *Valdez v. United States*, 518 F.3d 173 (2d Cir. 2008), the government concealed the existence of the statute of limitations. Here, Plaintiff, as evidenced by the fact that she filed her original lawsuit exactly three years after she turned eighteen, was very familiar with the statute of limitations and its requirements. No defendant took any action against Plaintiff in the filing of her original lawsuit.

An evidentiary hearing is not necessary where the facts are clear that Plaintiff did not and cannot establish that she suffered an extraordinary circumstance and diligently pursued her claim for the entire tolled period. The purpose of an evidentiary hearing is to collect facts that Plaintiff was unaware needed to be included in the complaint to received equitable tolling. However, in the Motion to Dismiss Plaintiff's Third Amended Complaint, defendants argued that equitable tolling did not apply. *See* Doc. 247, Concord Memorandum of Law in Reply, at 5. Plaintiff was adequately noticed that defendants would take this defense to her claims. The Court decided to "decline to exercise its discretion to toll the statute of limitations." Doc. 254, Memorandum and Order at 18. That she made no effort to supply additional facts supporting her claim that she suffered extraordinary circumstances and diligently pursued her rights in the Fourth Amended

Complaint means that there are not such facts. An evidentiary hearing at this point would, as Plaintiff strenuously argues against, just unnecessarily delay the movement forward of existing claims.

## **CONCLUSION**

City Defendants respectfully request that this Court grants its motion in all respects and for such other, further, and different relief as this Court deems just and proper.


Dated: New York, New York
August 14, 2025          BARRY McTIERNAN & MOORE LLC


_____
Suzanne Halbardier, Esq. (SMH0310)

**CERTIFICATE OF COMPLIANCE**

I hereby certify pursuant to 22 NYCRR §202.8-b that the foregoing Memorandum of Law in Reply was prepared on a computer using Microsoft Word.

*Word Count.* The total number of words in this brief, inclusive of point headings and footnotes and exclusive of the caption, signature block, and, if applicable, table of contents and table of authorities, is 1956.

Dated: New York, New York
      August 14, 2025

_____
SUZANNE M. HALBARDIER, ESQ.