UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SABRINA ROLDAN,

                                Plaintiff           Docket No.: 1:20-CV03580 (HG)

    -against-

ADOLFO LEWIS, CECILIA ELLIS, NATALIE
BARNWELL, individually and as director,
HEARTSHARE HUMAN SERVICES OF
NEW YORK, HEARTSHARE ST.
VINCENT'S SERVICES, MARK CASNER,
GLORIA ANTONSANTI, MARIBEL CRUZ,
VALERIE RUSSO, individually and as
deputy Commissioner, CITY OF NEW YORK,
CONCORD FAMILY SERVICES, LELAR
FLOYD, individually and as executive director,
JACQUELINE MOSELEY, individually and
as program directors, THEODORA DIGGS,
individually and as program director,
CLAIRE HAYNES, and CHARMAINE FRANK,

                                Defendants.
-------------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS ADOLFO LEWIS, CECILIA ELLIS, NATALIE BARNWELL, individually and as director, HEARTSHARE HUMAN SERVICES OF NEW YORK, and HEARTSHARE ST. VINCENT'S SERVICES' MOTION TO DISMISS, WITH PREJUDICE, PLAINTIFF'S FOURTH AMENDED COMPLAINT**

**RUTHERFORD & CHRISTIE, LLP**
*Attorney for Defendants*
David S. Rutherford, Esq.
800 Third Avenue, 9th Floor
New York, New York 10022
dsr@rutherfordchristie.com
(212) 599-5799 T
(212) 599-5162 F

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT ....................................................................................................................... 1

    POINT I.    PLAINTIFF'S ASSERTION OF "DELAY TACTICS" IS MERITLESS AND DOES NOT JUSTIFY ALLOWING LEGALLY DEFICIENT CLAIMS TO PROCEED ....... 1

    POINT II.    THE FAC DOES NOT STATE PLAUSIBLE CLAIMS FOR NEGLIGENCE, NEGLIGENT SUPERVISION AND RETENTION, OR STATUTORY FAILURE TO REPORT SEXUAL AGAINST THE HEARTSHARE DEFENDANTS .................................. 3

    POINT III.    PLAINTIFF CANNOT ESTABLISH EQUITABLE TOLLING ....................... 4

CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................... 2

*Brown v. Parkchester S. Condominiums*,
  287 F.3d 58 (2d Cir. 2002) .......................................................................................... 6

*Canales v. Sullivan*,
  936 F.2d 755 (2d Cir. 1991) ........................................................................................ 6

*Doe v. Abdulaziz Bin Fahd Alsaud*,
  12 F. Supp. 3d 674 (S.D.N.Y. 2014) ........................................................................... 3

*Doe v. E. Irondequoit Cent. Sch. Dist.*,
  2018 U.S. Dist. LEXIS 76798 (W.D.N.Y. May 7, 2018) ............................................ 3

*Doe v. Poly Prep Country Day Sch.*,
  No. 20-CV-04718 (DG)(PK), 2022 U.S. Dist. LEXIS 177670 (EDNY Sept. 29, 2022) ... 2

*Doe v. United States*,
  76 F.4th 64 (2d Cir. 2023) ....................................................................................... 5, 6

*Harper v. Ercole*,
  648 F.3d 132 (2d Cir. 2011) ........................................................................................ 4

*Lopez v. City of New York*,
  99 N.Y.S.3d 381 (N.Y. App. Div. 2019) ..................................................................... 2

*Pace v. DiGuglielmo*,
  544 U.S. 408 (2005) .................................................................................................... 4

*Pearl v. City of Long Beach*,
  296 F.3d 76 (2d Cir. 2002) .......................................................................................... 4

*Rios v. Mazzuca*,
  78 Fed. Appx. 742 (2d Cir. 2003) ................................................................................ 4

*Roldan v. Casner*,
  No. 13-cv-2950 (E.D.N.Y. 2013) ................................................................................ 4

*Shainwald v. Professionals for Non-Profits, Inc.*,
  2019 NY Slip Op 30522(U) (Sup. Ct.) ........................................................................ 4

*Stoll v. Runyon*,
      165 F.3d 1238 (9th Cir. 1999) ........................................................................................ 5

*Valverde v. Stinson*,
      224 F.3d 129 (2d Cir. 2003) .......................................................................................... 6

**<u>Statutes</u>**

Fed. R. Civ. Proc. Rule 8 ............................................................................................... 1, 2

N.Y. Soc. Serv. Law § 378-a ............................................................................................ 3

**PRELIMINARY STATEMENT**

Defendants Heartshare St. Vincent's Services, Heartshare Human Services of New York, Adolfo Lewis, Cecelia Ellis, and Natalie Barnwell (hereinafter collectively the "HeartShare Defendants,") by their attorneys, Rutherford & Christie, LLP, respectfully submit this Reply Brief in further support of Defendants' Motion to Dismiss, with prejudice, Plaintiff's Fourth Amended Complaint for failing to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for such other and further relief as this Court deems appropriate.

Plaintiff has had multiple opportunities to plead facts supporting claims for negligence, negligent supervision and retention, and statutory failure to report sexual abuse against the HeartShare Defendants, but the Fourth Amended Complaint ("FAC") still fails to state plausible claims. First, seeking dismissal of legally deficient and time-barred claims is not a "delay tactic," but the proper function of Rule 12(b)(6). Second, the FAC does not allege facts showing that the HeartShare Defendants had notice or reasonable suspicion of sexual abuse, and allegations of other misconduct do not cure this deficiency. Third, Plaintiff's prior 2013 lawsuit bars any claim of equitable tolling and underscores her knowledge of her alleged injuries and rights.

**ARGUMENT**

**POINT I. PLAINTIFF'S ASSERTION OF "DELAY TACTICS" IS MERITLESS AND DOES NOT JUSTIFY ALLOWING LEGALLY DEFICIENT CLAIMS TO PROCEED**

Plaintiff's rhetoric about "delay tactics" cannot obscure the fact that the Fourth Amended Complaint ("FAC") still fails to state certain claims against the HeartShare Defendants as a matter of law. Plaintiff's invocation of Rule 8(a)(2) does not excuse the Fourth Amended Complaint's failure to plead facts that make her claims plausible. While a complaint need not recite "detailed factual allegations," it must contain more than conclusory assertions and speculation. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts routinely dismiss claims where, as here, the pleading "tenders naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 557. Negligent supervision under New York law requires factual allegations showing the defendant had "specific knowledge or notice of the dangerous conduct which caused the injury." *Lopez v. City of New York*, 99 N.Y.S.3d 381, 383–84 (N.Y. App. Div. 2019). The FAC contains no such allegations.

Plaintiff's attempt to sidestep this defect by accusing HeartShare of "griping" about the absence of allegations concerning the "Shore file" is unavailing. The question is not whether HeartShare ever physically possessed the file at some point in time, but rather whether Plaintiff has pled facts showing HeartShare had knowledge, before the alleged abuse, of the propensity of Max Shore to commit sexual abuse. The FAC is silent on this point. It does not allege what the Shore file contained, when it was obtained, or how it supposedly alerted HeartShare to a risk posed by Max Shore. Plaintiff instead continues to conflate two individuals, suggesting that information about Kyle Shore somehow establishes notice as to Max Shore. Courts reject such imputation as a basis for negligent supervision. *See, Doe v. Poly Prep Country Day Sch.*, No. 20-CV-04718 (DG) (PK), 2022 U.S. Dist. LEXIS 177670, at *22–26 (E.D.N.Y. Sept. 29, 2022) (dismissing claims where prior misconduct by a different individual did not establish foreseeability as to the alleged abuser). In short, Plaintiff's reliance on Rule 8 cannot cure the FAC's failure to allege facts, not conclusions, showing that HeartShare had the requisite notice of Max Shore's alleged conduct.

Ultimately, this case involves multiple claims against multiple defendants, each with distinct roles and responsibilities, and the viability of Plaintiff's claims depends on the specific factual allegations tied to each separate foster home and each defendant. In order to state plausible claims where a plaintiff is suing multiple defendants, the complaint must clearly and specifically

2

explain what each defendant allegedly did. *See, Doe v. E. Irondequoit Cent. Sch. Dist.*, 2018 U.S. Dist. LEXIS 76798, *26-27 (W.D.N.Y. May 7, 2018). Here, the FAC relies on broad statements encompassing all defendants or attempts to impute knowledge from one defendant to another. Such generalized claims fail to establish the necessary causal link between HeartShare's conduct and Plaintiff's alleged injuries, and do not provide fair notice to HeartShare of the specific basis for the claim.

**POINT II.   THE FAC DOES NOT STATE PLAUSIBLE CLAIMS FOR NEGLIGENCE, NEGLIGENT SUPERVISION AND RETENTION, OR STATUTORY FAILURE TO REPORT SEXUAL AGAINST THE HEARTSHARE DEFENDANTS**

Plaintiff's continued reliance on HeartShare's alleged failure to conduct a criminal background check on Max Shore is fundamentally flawed. The FAC does not allege a single fact showing that such a check would have revealed a history of sexual misconduct or any information indicating a propensity for sexual assault. Plaintiff instead asserts only that "Max Shore also committed many crimes and had an extensive criminal record" (FAC ¶ 229). This vague statement provides no factual connection between a criminal record and the risk of sexual abuse, and it cannot support a claim of negligent supervision or failure to protect. *See, Doe v. Abdulaziz Bin Fahd Alsaud*, 12 F. Supp. 3d 674, 681–82 (S.D.N.Y. 2014) (dismissing negligent hiring claim where plaintiff failed to allege what a background check would have revealed).

Plaintiff's own theory undermines her argument. She contends that statutory background checks were required when the Shore boys turned eighteen per N.Y. Soc. Serv. Law § 378-a(2)(a). ECF Dkt. 272 at p. 25. Kyle Shore was born in 1990, so any check would have occurred around 2008, roughly two years before his alleged sexual assault of Plaintiff's sister in June 2010. Even if the background check had been performed as required, the FAC contains no allegation that it would have revealed any risk of sexual misconduct by Max Shore. Plaintiff also improperly relies

3

on Kyle Shore's criminal history, including an armed robbery conviction, which bears no connection to sexual assault and cannot establish Max Shore's alleged propensity to commit sexual abuse. Plaintiff's reliance on the background check to establish foreseeability is purely speculative and legally insufficient. *See, Shainwald v. Professionals for Non-Profits, Inc.*, 2019 NY Slip Op 30522(U), ¶ 7 (Sup. Ct.) (plaintiff must allege what a background check would have revealed to sustain claim).

**POINT III.    PLAINTIFF CANNOT ESTABLISH EQUITABLE TOLLING**

Plaintiff cannot meet her burden to invoke equitable tolling, which requires showing both (1) diligent pursuit of her rights and (2) extraordinary circumstances that prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Harper v. Ercole*, 648 F.3d 132, 137–38 (2d Cir. 2011). Plaintiff fails on both prongs.

Plaintiff has not diligently pursued her rights. Plaintiff argues her prior and voluntarily discontinued lawsuit, *Roldan v. Casner*, No. 13-cv-2950 (E.D.N.Y. 2013), demonstrates diligent pursuit of her rights, while simultaneously arguing her trauma associated with the allegations rendered her "utterly incapable of continuing the action." ECF Dkt. 272 at p. 32. Plaintiff's initiation of a lawsuit in 2013 plainly shows that she was capable of investigating and pursuing her legal claims well before the filing of the current action. *See, Rios v. Mazzuca*, 78 Fed. Appx. 742, 744 (2d Cir. 2003) (denying equitable tolling to schizophrenic petitioner because prior conduct evidenced his ability, to some extent, to investigate and pursue legal avenues); *see also, Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) ("A plaintiff must demonstrate that it would have been "impossible for a reasonably prudent person to learn about his or her cause of action"). Over the following seven years, Plaintiff does not allege that she took any steps to pursue her legal

4

rights. She does not claim to have sought counseling to address her symptoms or to have consulted with an attorney during that period.

While Plaintiff alleges that HeartShare Defendants "covered up Plaintiff's disclosure and acted as if it had never happened, thereby reinforcing the pattern of silence and denial" (ECF Dkt. 272 at p. 37), those assertions, even if accepted as true, do not establish the type of extraordinary circumstances required for equitable tolling. Courts applying this doctrine require either (1) a profound functional incapacity to pursue legal remedies or (2) credible threats or coercion continuing after the abuse ceased. *See, Doe v. United States*, 76 F.4th 64, 72 (2d Cir. 2023); *Stoll v. Runyon*, 165 F.3d 1238, 1240–42 (9th Cir. 1999). In *Stoll*, equitable tolling was warranted because the plaintiff's psychiatric condition left her unable to open mail, read documents, or communicate with her attorneys, and her treating psychiatrist deemed her "totally psychiatrically disabled." *See, Stoll*, 165 F.3d at 1240. Likewise, in *Doe*, the plaintiff endured seven years of violent rape by an ICE agent, coupled with ongoing death threats and the abuser's exploitation of his government position to maintain control over her undocumented status. *See, Doe*, 76 F.4th at 72.

Here, by contrast, Plaintiff does not allege that HeartShare or its employees threatened her, coerced her into silence, or maintained control over her after she left foster care. Nor does she claim a level of psychiatric impairment comparable to *Stoll*, such as an inability to manage daily life or sustain an attorney-client relationship. Instead, she alleges PTSD, depression, anxiety, and distress when recalling the abuse (FAC ¶¶ 291–304)—conditions that, while serious, have not been deemed sufficient by courts to toll limitations periods absent extreme and objectively incapacitating effects. At most, the allegations against HeartShare describe an alleged negligent response to her disclosure, not an extraordinary circumstance that continued to prevent her from

bringing suit. Accordingly, Plaintiff's claims of psychological harm, without allegations of credible threats, ongoing coercion, or functional incapacity akin to those in *Doe* or *Stoll*, do not satisfy the demanding standard for equitable tolling, and the Section 1983 claims against HeartShare should remain dismissed.

Additionally, an evidentiary hearing is not warranted here. The cases Plaintiff cites involve circumstances where a plaintiff's medical or mental condition caused a technical filing defect or precluded understanding of fundamental legal rights. See, e.g., *Brown v. Parkchester S. Condominiums*, 287 F.3d 58, 61 (2d Cir. 2002); *Valverde v. Stinson*, 224 F.3d 129, 133–34 (2d Cir. 2003); *Canales v. Sullivan*, 936 F.2d 755, 757 (2d Cir. 1991). Here, Plaintiff demonstrated her ability to understand and pursue such rights when she commenced a lawsuit in 2013 against the Concord Defendants on the same underlying allegations, undermining any claim that her alleged conditions "stood in her way." *See, Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023).

## **CONCLUSION**

Plaintiff's claims involving the homes other than Hoyte's should remain dismissed. Her Section 1983 claims should remain dismissed as well. The FAC fails to cure the deficiencies previously identified by the Court. Counts I and II remain deficient because Plaintiff still fails to allege that HeartShare had the necessary notice or knowledge of Max Shore's propensity for sexual assault prior to any injury's occurrence, as required by the Court's last ruling. The third cause of action likewise fails to plead facts showing that HeartShare had reasonable cause to suspect abuse or that a background check would have revealed any history of sexual misconduct. Plaintiff's sixth, seventh, and eighth causes of action remain time-barred, as the FAC fails to allege extraordinary circumstances sufficient to warrant equitable tolling. For the reasons discussed above, the Court

should grant the Defendants' Motion to Dismiss the Fourth Amended Complaint with Prejudice, and for such other relief as the Court deems just and proper.

Dated: New York, New York
       August 14, 2025

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By:   /s/ *David S. Rutherford, Esq.*
David S. Rutherford, Esq.
*Attorneys for Defendant*
ADOLFO LEWIS, CECILIA ELLIS, NATALIE BARNWELL, individually and as director, HEARTSHARE HUMAN SERVICES OF NEW YORK, and HEARTSHARE ST. VINCENT'S SERVICES
800 Third Avenue, 9th Floor
New York, New York 10022
(212) 599-5799
dsr@rutherfordchristie.com

TO:   LANSNER & KUBITSCHEK
*Attorneys for Plaintiff*
325 Broadway, Suite 203
New York, New York 10007
(212) 349-0900

KOPKE CHRISTIANA & RASTETTER LLP
*Attorneys for Plaintiff*
199 Cook St., Suite 308
Brooklyn, New York 11206
(917) 451-9525

LEWIS BRISBOIS BISGAARD & SMITH, LLP
*Attorneys for Defendants*
LELAR FLOYD, JACQUELINE HARRIS s/h/a/
JACQUELINE MOSELEY, THEODORA
DIGGS, CLAIRE HAYNES, and
CHARMAINE FRANK
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

BARRY MCTIERNAN & MOORE LLC
*Attorneys for Defendants*
MARK CASNER, GLORIA ANTONSANTI,
MARIBEL CRUZ, VALERIE RUSSO,
And the CITY OF NEW YORK
101 Greenwich St.
New York, New York 10006
(212) 313-3606