UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SABRINA ROLDAN,

> Plaintiff,

v.

ADOLFO LEWIS *et al.*,

> Defendant.

**MEMORANDUM & ORDER**
20-CV-03580 (HG) (MMH)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Sabrina Roldan ("Plaintiff") brings this action against Defendants Gloria Antonsanti, Mark Casner, City of New York, Maribel Cruz, Valerie Russo (the "City Defendants"), Lelar Floyd, Jacqueline Harris, Theodora Diggs, Claire Haynes, and Charmaine Frank (the "Concord Defendants"), and HeartShare St. Vincent's Services, HeartShare Human Services of New York, Adolfo Lewis, Cecelia Ellis, and Natalie Barnwell (the "HeartShare Defendants"), alleging that the entities and/or their staff violated her rights under the Constitution, New York statute, and common law, due to their alleged failure to protect her from sexual and physical abuse while she was in various foster homes between May 1997 and 2012. ECF No. 256.[1]

Currently before the Court are three motions to dismiss: the City Defendants' motion pursuant to Rules 12(b)(1) and (b)(6), ECF No. 269; (2) the HeartShare Defendants' motion pursuant to Rule 12(b)(6), ECF No. 270; and the Concord Defendants' motion pursuant to Rule 8 and Rule 12(b)(6), ECF No. 271.

---

[1]    Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

For the reasons that follow, Defendants' motions are GRANTED.

## BACKGROUND

The instant motions to dismiss concern Plaintiff's Fourth Amended Complaint.  ECF No. 256.  Given that the existence of a fifth version of a complaint belies the protracted procedural history of this case, in lieu of recounting the full scope of the case in this Order, the Court recounts only the facts that are relevant and necessary to the instant motions.[2]  The Court assumes the parties' familiarity with the relevant facts, procedural history, and legal standards set forth in its March 2025 Order regarding Defendants' motions to dismiss the Third Amended Complaint, *Roldan v. Lewis*, No. 20-cv-03580, 2025 WL 676090 (E.D.N.Y. Mar. 3, 2025), and incorporates that information by reference herein.

### I.      The Third Amended Complaint and the Court's March 2025 Order

The Third Amended Complaint, ECF No. 209, and the Court's prior Order are, of course, relevant and necessary to analyzing the Fourth Amended Complaint.  Therefore, the Court briefly recounts portions of its March 2025 Order before discussing the Fourth Amended Complaint and Defendants' motions to dismiss it.

In the Third Amended Complaint, Plaintiff brought eight causes of action:

(i) "[n]egligence, in violation of the Child Victims Act"; (ii) "[n]egligence, in violation of the Adult Survivors Act"; (iii) "[f]ailure to report child abuse"; (iv) breach of contract; (v) "[v]iolation of the Victims of Gender-Motivated Violence Protection Law," N.Y.C. Admin. Code §§ 10-1101 *et seq.*; (vi) "violations of the Fourteenth Amendment and Sections 1, 6, and 11 of Article I of the New York Constitution"; (vii) "[u]nconstitutional training in [v]iolation of the Fourteenth Amendment and Sections 1, 6, and 11 of Article I of the New York Constitution; and (viii) "[e]xcessive [f]orce under the Fourth and Fourteenth Amendments and Section 12 of Article I of the New York Constitution."

---

[2]      The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

*Roldan*, 2025 WL 676090, at *5.

After careful consideration and analysis of each cause of action, Plaintiff's attendant allegations, and the Defendants' arguments in their motions to dismiss the Third Amended Complaint, the Court granted in part and denied in part Defendants' motions. *Id.* at *1, *23–24. Specifically, the Court found that:

> Count I, alleging negligence and brought pursuant to the [Child Victims Act "CVA")], based on negligent failure to report child abuse and failure to supervise with respect to the allegations concerning Juan Rodriguez only, survives against Defendant City. Count I also survives against Defendants Lewis, Ellis, and HeartShare for negligent reporting, and Ellis and HeartShare (but not Lewis) for negligent supervision, with respect to the allegations concerning Gary Hoyte only. Count I is otherwise dismissed without prejudice and with leave to amend.

> Count II, alleging negligence and brought pursuant to the [Adult Survivors Act ("ASA")], is dismissed without prejudice and with leave to amend.

> Count III, alleging statutory failure to report child abuse based on the allegations concerning Juan Rodriguez only, survives as to Defendant City. Count III also survives against Defendants Lewis, Ellis, and HeartShare based on the allegations concerning Hoyte only. Count III is otherwise dismissed without prejudice and with leave to amend.

> Count IV, alleging breach of contract, survives as to the City, Concord, and HeartShare (the only Defendants Plaintiff brings this claim against).

> Count V, alleging violations of the [Victims of Gender-Motivated Violence Protection Law], is dismissed with prejudice and without leave to amend, as to all Moving Defendants.

> Counts VI, VII, and VIII, alleging violations of federal constitutional rights pursuant to Section 1983, are dismissed without prejudice as to all Moving Defendants. Plaintiff is granted leave to amend to assert allegations needed to support a request for equitable relief, among any other amendments she may have to these Counts.

> Counts VI, VII, and VII, alleging violations of the New York State Constitution, are dismissed with prejudice and without leave to amend, as to all Moving Defendants.

*Id.* at *23–24.

3

## II.   Plaintiff's Fourth Amended Complaint

About a month after the Court issued its March 2025 Order, Plaintiff filed her Fourth Amended Complaint.  *See* ECF No. 256.  This version of the complaint—the operative complaint—includes the same eight causes of action, in the same order as the Third Amended Complaint.  *Compare* ECF No. 256 ¶¶ 299–446, *with* ECF No. 209 ¶¶ 195–342.[3]

Shortly after Plaintiff filed the operative complaint, Defendants filed pre-motion conference letters in support of their then-anticipated motions to dismiss, *see* ECF Nos. 259–61, Plaintiff filed her pre-motion conference letter opposing Defendants' anticipated motions to dismiss, ECF No. 263, and the Court set a briefing schedule, Apr. 30, 2025, Text Order.  In its Order setting the briefing schedule, the Court noted that:

> First, Plaintiff['s] claims previously dismissed with prejudice and without leave to amend, *see Roldan v. Lewis*, No. 20-cv-03580, 2025 WL 676090, at *23–24 (E.D.N.Y. Mar. 3, 2025), are out of the case, and Defendants need not and should not move to dismiss them again.  Second, Defendants may not now again seek to dismiss those claims that previously survived Defendants' motions to dismiss (e.g., Plaintiff's breach of contract claim, *see id.*).  Those claims will proceed to summary judgment or trial.  In other words, Defendants' forthcoming motions must be limited to those claims previously dismissed without prejudice but with leave to amend.  The parties are directed to closely review the Court's prior order on Defendants' motions to dismiss.

Apr. 30, 2025, Text Order.

On July 1, 2025, the Defendants filed motions to dismiss the portions of the Fourth Amended Complaint concerning claims previously dismissed without prejudice but with leave to amend.  *See id.*  The City Defendants moved to partially dismiss pursuant to Rules 12(b)(1) and

---

[3]    In a footnote, Plaintiff acknowledges that "some of these causes of action were previously dismissed with prejudice," and notes that she "reiterates them here so that they will not be deemed waived or abandoned and will otherwise be preserved for appellate review."  ECF No. 256 at n.1.

12(b)(6), ECF No. 269;[4] the HeartShare Defendants moved to partially dismiss pursuant to Rule 12(b)(6), ECF No. 270; and the Concord Defendants moved to partially dismiss pursuant to Rule 8 and Rule 12(b)(6); ECF No. 271.  Plaintiff filed her omnibus opposition to the motions to dismiss later that month, *see* ECF No. 272 ("Opposition"), and Defendants filed their replies two weeks later, *see* ECF Nos. 274 (Concord Defendants' Reply); 275 (City Defendants' Reply); and 276 (HeartShare Defendants' Reply).

## DISCUSSION

In the interest of clarity and for the avoidance of doubt, the Court addresses each cause of action in the Fourth Amended Complaint in order of appearance.  For those same reasons, the Court includes brief discussions of the causes of action that were addressed in their entirety in the Court's prior Order, even though they are not the focus of the instant Order.

### I.    Count I

Plaintiff's first cause of action alleges negligent supervision and negligent failure to report alleged abuse.  Specifically, Count I alleges that the Defendants were negligent with respect to the abuse she allegedly suffered in various foster care homes, in violation of the CVA. *See* ECF No. 256 ¶¶ 299–334.

Last March, the Court concluded that Plaintiffs' negligent failure to report claim survived against the City (but not the individual City employees) with respect to the allegations regarding

---

[4]    Although the City Defendants claim their motion is brought, in part, under Rule 12(b)(1), *see* ECF No. 269-1 at 5, there is no argument, nor any other indication that the Court lacks subject matter jurisdiction over any of Plaintiff's claims, in their brief or their reply.  In any event, as the Court explained in its prior Order, "[e]ven though the Court has dismissed Plaintiff's sole federal claim under Section 1983, [her] remaining claims, all brought under New York law, come within the Court's limited subject-matter jurisdiction because [she] has adequately pled complete diversity of citizenship and damages in excess of $75,000 pursuant to 28 U.S.C. § 1332." *Roldan*, 2025 WL 676090, at *8.

5

Juan Rodriguez only. *Roldan*, 2025 WL 676090, at \*18. And that "[t]he same is true with respect to Lewis, Ellis, and HeartShare concerning the alleged failure to report Hoyte's conduct." *Id.* The Court also concluded that Plaintiff's claims against Ellis and HeartShare for negligent supervision survived with respect to the conduct related to the Hoyte foster home. *Id.* at \*21.

In the Fourth Amended Complaint, Plaintiff makes only minor changes to the allegations in Count I. A blackline comparison of the Third and Fourth Amended Complaint shows that Plaintiff added a few allegations concerning the Defendants' duty of care in "selecting, certifying or licensing, retaining, and supervising foster parents"; Defendants' "knowledge or notice that Juan and Maria Rodriguez should not have been certified or licensed as foster parents"; and Defendants' "knowledge or notice that Debra Shields should not have been certified or licensed as a foster parent." ECF No. 256-1 ¶¶ 301, 305, 308. Plaintiff also added the names of individuals connected to Concord to some of her allegations. *See e.g.*, *id.* ¶¶ 312, 314, 326–28.

In their motions to dismiss the Fourth Amended Complaint, Defendants each make arguments as to why the Court should dismiss Count I based on Plaintiff's new allegations.

City Defendants and Concord Defendants argue that the allegations regarding the Shields foster home should be dismissed because Plaintiff offers only "threadbare recital[s] of negligence," ECF No. 269-1 at 9, and, despite the new allegations, still attempts to "unjustifiably bridge[] the scienter gap between 'should have known' and 'might have been able to guess,'" with respect to conduct at the Shields foster home and, therefore, fails to establish that Defendants "had actual or constructive notice that [Debra Shield's] foster son had a propensity for sexual abuse." ECF No. 271-1 at 11–12. City Defendants also argue that Plaintiff's negligence claims regarding the Hoyte foster home are insufficiently pled. *Id.* at 10. The Court previously granted the City Defendants' and Concord Defendants' motions with respect to

6

allegations in the Shields and Hoyte homes, *see Roldan*, 2025 WL 676090, at \*16, and the Fourth Amended Complaint provides no basis for the Court to disturb its prior conclusions in those respects. *See* ECF No. 256-1 ¶¶ 181–96. Accordingly, City Defendants' and Concord Defendants' motions to dismiss Count I as it pertains to the Shields and Hoyte foster homes are granted.

City Defendants and HeartShare Defendants argue that the allegations concerning the Shore foster home are insufficient because Plaintiff "fails to allege that Defendants had 'the necessary notice or knowledge' . . . 'prior' to any injury's occurrence,' as required by the Court's prior ruling," and, therefore, the Fourth Amended Complaint, "does not materially change [the Court's] conclusion." ECF No. 270 at 10 (quoting *Roldan*, 2025 WL 676090, at \*22).

The Court agrees with those arguments. Although the City Defendants and HeartShare Defendants oversimplify the substance of Plaintiff's new allegations concerning the Shore foster home, the Fourth Amended Complaint fails to allege the precise factual support necessary to support a claim for negligent reporting or negligent support. The new allegations are not "bald assertion[s] without factual support," as City Defendants argue, *see* ECF No. 269-1 at 10, nor are they "[t]hreadbare recitals of the elements of a cause of action," as the HeartShare Defendants argue. Plaintiff's new allegations provide the type of factual support that was absent from the Third Amended Complaint, but Plaintiff nevertheless fails to allege the precise facts necessary to support her claim with respect to Max Shore.

Recall that Plaintiff "must establish that the agency had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated." *Lopez v. City of New York*, 172 A.D.3d 703, 705 (N.Y. App. Div. 2019); *accord Adams v. Suffolk Cnty.*, 234 A.D.3d 1, 18 (N.Y. App Div. 2024). Here, most

7

of Plaintiff's amendments concern factual support for her allegations regarding Kyle Shore.  *See* ECF No. 256-1 ¶¶ 200–31 (showing extensive additions concerning Defendants' alleged knowledge of Kyle Shore's violent felony conviction and the statutory duties to evaluate whether Max and Kyle Shore "posed a danger to foster children in the Shore home").  These allegations provide sufficient factual support for a claim for negligent supervision with respect to allegations concerning Kyle Shore, but Plaintiff does not allege that she was injured by Kyle Shore.  ECF No. 256 ¶¶ 232–38 (describing the abusive acts allegedly perpetrated by Max Shore on Plaintiff). Without question, these alleged instances of abuse are appalling, but the sad and sordid history of Plaintiff's alleged abuse does not automatically mean that Plaintiff has alleged sufficient pertinent facts to make it plausible that the City and HeartShare Defendants were negligent in reporting or supervising Plaintiff with respect to the Shore foster home.  In this respect the Court agrees with the HeartShare Defendants that Plaintiff's "attempts to rely on Kyle Shore's conduct and impute knowledge of Kyle's misconduct to HeartShare as a basis for alleging that Max's actions were foreseeable" are insufficient.  ECF No. 270 at 11; *see e.g.*, *Doe v. Poly Prep Country Day Sch.*, No. 20-cv-04718, 2022 WL 4586237, at \*9 (E.D.N.Y. Sept. 29, 2022) (alleged knowledge of one individual's pattern of abuse insufficient to establish defendant had knowledge or notice of another individual's propensity for sexual abuse); *Murray v. Nazareth Reg'l High Sch.*, 579 F. Supp. 3d 383, 390 (E.D.N.Y. 2021) (finding plaintiff failed to plausibly allege knowledge or notice of alleged abuser's abusive conduct because defendant was "[un]aware of *specific* prior acts or allegations against the [individual]") (emphasis in original).

Here, Plaintiff's allegation that "City, HeartShare, Barnwell, Lewis, and Ellis and their agents were required by New York law to conduct a thorough evaluation to determine whether Max Shore posed a danger to foster children in the Shore home," belies the fact that those

8

defendants did not have "sufficiently specific knowledge or notice of the dangerous conduct" allegedly perpetrated by Max Shore until after Plaintiff "ran away from the Shore home, [and] advised employees of [D]efendant HeartShare that the Shore home was not safe." ECF No. 256 ¶ 238. Thus, even when the Court "construe[s] all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff," as it must at this juncture, *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), Plaintiff does not plausibly allege that the City and the HeartShare Defendants had "sufficiently specific knowledge or notice of [] prior conduct by [Max Shore] that would have made his alleged injurious conduct toward [Plaintiff] in [Shore's] home foreseeable." Accordingly, City Defendants' and HeartShare Defendants' motions to dismiss Count I as it pertains to the Shore foster home is granted.

Taken together, Plaintiffs amendments are insufficient to alter the Court's previous conclusions concerning Plaintiff's negligence-based claims, and, for the reasons set forth above and those already stated, *see Roldan*, 2025 WL 676090, at *17–22, the majority of Plaintiff's claims in Count I are dismissed. Plaintiff's claims in Count I survive against the City with respect to its alleged failure to report Juan Rodriguez's abuse and for failure to supervise with respect to that abuse. Count I also survives against Lewis, Ellis, and HeartShare for its alleged failure to report Gary Hoyte's abuse, and against Ellis and HeartShare for negligent supervision with respect to the allegations concerning Gary Hoyte only. Because Plaintiff's Fourth Amended Complaint does not provide sufficient information to resuscitate the other portions of Count I, those portions are dismissed with prejudice.

## II.    Count II

With respect to Plaintiff's second cause of action—"[n]egligence, in violation of the Adult Survivors Act," ECF No. 256 ¶¶ 299–334—the Court previously dismissed Count II in its

entirety without prejudice and with leave to amend, because the ASA did not revive Plaintiff's claims before she turned 18 and all of Plaintiff's allegations, except those concerning the Shore foster home, occurred before she was 18 years old. *See Roldan*, 2025 WL 676090, at \*22. The Court also noted that "[t]he ASA would only potentially revive claims only arising from the Shore home and later, where Plaintiff alleges that Max Shore may have committed sexual offenses against her after she turned eighteen." *Id*. at \*22 n.33.

Count II remains dismissed in its entirety because, for the reasons already stated in the Court's prior Order and those stated above, the Fourth Amended Complaint does not sufficiently allege a claim against the City Defendants or the HeartShare Defendants with respect to the Shore foster home. Accordingly, Count II is dismissed with prejudice.

## III.    Count III

Plaintiff's third cause of action, brought against all Defendants, alleges statutory and common law claims for failure to report child abuse. ECF No. 256 ¶¶ 356–87. In its March 2025 Order, the Court granted Defendants' motions to dismiss and dismissed Count III "except as to Plaintiff's claim against Defendant City based on Plaintiff's allegations concerning Juan Rodriguez and Plaintiff's claim against Defendants Lewis, Ellis, and HeartShare based on Plaintiff's allegations concerning Hoyte." *Roldan*, 2025 WL 676090, at \*16.

In their instant motion to dismiss, City Defendants argue that Plaintiff fails to adequately allege facts that support her statutory claims against them with respect to the Hoyte, Shore, and Shields foster homes; and that, because Plaintiff has "not amended her pleading to adequately fix [the] deficiency" identified in the Court's prior Order, the statutory claims against Casner, Antonsanti, and Cruz concerning the Rodriguez foster home should be dismissed. ECF No. 269-1 at 11–14. HeartShare Defendants argue Plaintiff's statutory and common law claims for

10

failure to report child abuse should "remain dismissed" because Plaintiff's amendments regarding the Shore foster home present "no new allegations" that support an inference that HeartShare Defendants had "reasonable cause to believe the Plaintiff was abused until after she ran away from the Shore home," and because "Plaintiff has pled no facts to suggest that background checks would have prevented the harm to [her]." ECF No. 270 at 15. Concord Defendants, for their part, argue that Count III should be dismissed because "there are still no facts that would give rise to notice of either Juan Rodriguez's or Ms. Shields' foster son's alleged propensities to sexually abuse children," and, therefore, the "critical details" necessary to establish that Concord Defendants failed to report suspected sexual abuse are absent. *See* ECF No. 271-1 at 11–13.

In effect, City Defendants and HeartShare Defendants argue that, despite Plaintiff's amendments, the Fourth Amended Complaint does not provide additional information that is sufficient to alter the Court's prior conclusions with respect to Count III. The Court agrees.

As a preliminary matter, even after amendment, Plaintiff does not allege any facts that demonstrate that she disclosed or otherwise revealed alleged abuse in the Shields, Hoyte, or Shore foster homes such that the City had reasonable cause to suspect that Plaintiff was an abused or maltreated child in those settings. *See Diana G-D ex rel. Ann D. v. Bedford Cent. Sch. Dist.*, 33 Misc. 3d 970, 987 (N.Y. Sup. Ct. 2011), *aff'd sub nom. Diana Michelle G. v. Bedford Cent. Sch. Dist.*, 104 A.D.3d 805 (N.Y. App. Div. 2013); *Easterbrooks v. Schenectady Cnty.*, 218 A.D.3d 969, 973 (N.Y. App. Div. 2023).

Plaintiff's addition of an allegation that the City advised Casner, Antonsanti, and Cruz of information regarding abusive conduct in the Rodriguez foster home, allegedly disclosed by Plaintiff's brother in 1998, ECF No. 256 ¶ 105, purports to address the Court's prior conclusion

11

that "it is insufficient for Plaintiff merely to group all these Defendants together under the City []

banner, as it is a basic requirement that she must plead enough facts with respect to each

defendant to state a claim," *see Roldan*, 2025 WL 676090, at \*15.  However, this amendment is

insufficient to defeat the City Defendants' motion to dismiss, for the reasons the Court already

stated in connection with Plaintiff's other claims regarding her "attempt to reverse-impute the

organization's alleged knowledge to its individual employees."  *See Roldan*, 2025 WL 676090,

at \*19 (citing *Doe (G.N.C.) v. Uniquest Hosp., LLC*, No. 23-cv-7980, 2024 WL 4149251, at \*5

(S.D.N.Y. Sept. 11, 2024)).

The portions of Plaintiff's Count III that allege HeartShare failed to report abuse in the

Shore home fail for the same reasons the Court previously discussed.  *Roldan*, 2025 WL 676090,

at \*16 ("[E]ven accepting as true that Plaintiff told HeartShare employees that the [Shore] home

was 'not safe,' the Court cannot reasonably infer, without further factual allegations, that

HeartShare employees should have had 'reasonable cause to suspect' that Plaintiff was being

subjected to sexual abuse within the CVA's scope.").  Plaintiff makes no amendments to this

portion of her complaint.  *See* ECF No. 256-1 ¶ 238 (showing no change to the relevant

allegation).  Plaintiff's new allegations concerning HeartShare's failure to conduct background

checks on Max Shore when he turned 18 also fails to establish that HeartShare employees should

have had "reasonable cause to suspect" that Plaintiff was being subjected to sexual abuse within

the CVA's scope at the Shore home.  Although HeartShare implicitly concedes that it failed to

conduct required background checks, *see* ECF No. 270 at 16, without more, the Court cannot

infer that it was reasonably foreseeable that Max Shore would sexually assault Plaintiff, *see Doe

v. Alsaud*, 12 F. Supp. 3d 674, 681 (S.D.N.Y. 2014) ("Plaintiff cannot cure that fatal deficiency

by suggesting that a 'reasonable background check' would have revealed [individual's]

12

predisposition for sexual assault" when plaintiff fails to allege "what such a background check would have in fact revealed.").

The Court reaches a similar conclusion with respect to the Concord Defendants. To be sure, Plaintiff's amendments include an allegation that while she and her siblings were living at the Rodriguez home, "prior to 2000, employees of defendant Concord frequently noticed bruises and marks on the faces and bodies of plaintiff and her brother and sister," and that "Juan and Maria Rodriguez failed to provide credible explanations for the bruises and marks." ECF No. 256 ¶ 87. The allegation that Concord employees noticed these bruises suggests that Concord employees had "reasonable cause" to suspect that Plaintiff was an "abused or maltreated child," for purposes of the statutory failure to report claim. N.Y. Soc. Serv. Law § 413(1)(a). However, because the instances in which Concord employees noticed the bruises and marks on Plaintiff's face and body occurred "prior to 2000," they occurred before the time period in which Plaintiff alleges Juan Rodriguez began to sexually abuse her.[5] Therefore, such abuse, lacks a predicate sex crime as contemplated by the CVA, and thus, the claims, which are based on non-sexual abuse, are time-barred. *Roldan*, 2025 WL 676090, at *6, *15, *15 n.23, *16.

Similarly, Plaintiff alleges that "[i]n April, 2002, a report was made to the State Central Register that Debra Shields had again abused or maltreated a child or foster child in her home," that ACS investigated the report and "confirmed Debra Shield[s'] abuse or maltreatment," and Concord and its employees "knew or should have known" about such abuse because the City forwarded information about confirmed reports of abuse and neglect "as a matter of course."

---

[5]    In the Fourth Amended Complaint, Plaintiff repeats her allegation that Juan Rodriguez began to sexually abuse her when she "was approximately eight years old," ECF No. 256 ¶ 90, or around the year 2000 based on Plaintiff's 1992 birth year, *id.* ¶ 12.

ECF No. 256 ¶¶ 146–47.  This allegation also suggests that Concord employees had "reasonable cause" to suspect that Plaintiff was an "abused or maltreated child," for purposes of Count III, but, here, not only does the allegation lack a predicate sex crime, it also predates Plaintiff's placement in the Shields foster home.  *See* ECF No. 256 ¶ 150 (alleging the City, Concord, and its employees placed Plaintiff in the Shields home in 2003).  Stated otherwise, even if Plaintiff's Count III allegations against Concord and its employees with respect to Shields were timed appropriately to trigger Section 413(1)(a), those allegations lack the necessary allegations to trigger the CVA.

For these reasons, Defendants' motions to dismiss the new allegations in Count III are granted.  The Count III claims that survive—*i.e.*, Plaintiff's claim against Defendant City concerning Juan Rodriguez and her claim against Defendants Lewis, Ellis, and HeartShare concerning Hoyte—are the same that survived the Court's prior Order.  *See Roldan*, 2025 WL 676090, at *16.  Plaintiff's remaining claims under this cause of action are dismissed with prejudice.

### IV.    Count IV

Plaintiff's fourth cause of action for breach of contract survives against the City, Concord, and HeartShare for the reasons set forth in the Court's March 2025 Order.  *Roldan*, 2025 WL 676090, at *9–11.

### V.    Count V

Plaintiff's fifth cause of action, alleging Defendants City, Concord, Floyd, Harris, Barnwell, HeartShare, Lewis, and Ellis violated the Victims of Gender-Motivated Violence Protection Law, ECF No. 256 ¶¶ 399–412, was previously dismissed with prejudice, *Roldan*,

14

2025 WL 676090, at \*13.  The result here is no different.  Plaintiff's fifth cause of action was, and still is, dismissed with prejudice.

## VI.    Counts VI, VII & VII

Plaintiff's sixth, seventh, and eighth causes of action allege "violations of the Fourteenth Amendment and Sections 1, 6, and 11 of Article I of the New York Constitution" (Count VI); "[u]nconstitutional training in [v]iolation of the Fourteenth Amendment and Sections 1, 6, and 11 of Article I of the New York Constitution" (Count VII); and "[e]xcessive [f]orce under the Fourth and Fourteenth Amendments and Section 12 of Article I of the New York Constitution" (Count VIII).  ECF No. 256 ¶¶ 413–46.

In the Court's prior Order, it dismissed without prejudice the federal constitutional claims in each count as time-barred and dismissed with prejudice Plaintiff's state constitutional claims. *Roldan*, 2025 WL 676090, at \*8–9.  Despite dismissing the federal constitutional claims, the Court granted Plaintiff leave to replead those Counts "so that she can assert facts needed to support a request for equitable relief," under New York's equitable tolling provision.  *See id.* at \*8, \*8 n.15.  In the Fourth Amended Complaint, Plaintiff includes approximately 25 new allegations ostensibly to support a request for equitable tolling.  *See* ECF No. 256 ¶¶ 273–98.

The equitable tolling doctrine "permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Doe v. United States*, 76 F.4th 64, 71 (2d Cir. 2023) (quoting *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000)).  Whether a court grants equitable tolling is discretionary, as it is an "exercise of a court's equity powers." *Holland v. Florida*, 560 U.S. 631, 649 (2010).  This discretion is not absolute, and before a court may exercise its discretion, the party seeking application of the doctrine must demonstrate:  (1) "that some extraordinary circumstance stood in her way"; and (2)  "that she has been pursuing her rights diligently." *Doe*,

15

76 F.4th at 71 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Generally speaking, "equitable tolling is warranted only in 'rare and exceptional circumstances.'"  *Harper v. Ercole*, 648 F.3d 132, 136 (2d Cir. 2011) (quoting *Baldayaque v. United States*, 338 F.3d 145, 151 (2d Cir. 2003)).

Plaintiff argues that she is entitled to equitable tolling of the statute of limitations on her federal constitutional claims because she sufficiently demonstrates that extraordinary circumstances—namely, "profound psychological impact of severe abuse and institutionalized silencing" and Defendants' "wrongful actions and omissions"—stood in her way, ECF No. 272 at 40–42; and that "she pursued her rights as diligently as she could have," *id.* at 39–40. Defendants all oppose equitable tolling.  Defendants oppose equitable tolling, and each group of Defendants presents arguments that are effectively identical in that they focus almost exclusively on attacking the first element, asserting that Plaintiff fails to demonstrate that the psychological impact of her abuse rises to the level of extraordinary circumstances that warrant application of the equitable tolling doctrine.  *See* ECF No. 269-1 at 16–17; ECF No. 270 at 19–20; ECF No. 271-1 at 8–9.

Here, the Court concludes that equitable tolling does not revive Plaintiff's federal constitutional claims because the Fourth Amended Complaint "does not sufficiently plead that extraordinary circumstances stood in her way and prevented timely filing." *See Levin v. Sarah Lawrence Coll.*, 747 F. Supp. 3d 645, 674 (S.D.N.Y. 2024) (citing *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016)).  To be sure, Plaintiff's allegations of emotional pain and distress are serious, and the Court is cognizant that courts in this Circuit and across the country "have recognized that the psychological impact of long-term or extreme sexual abuse can constitute an extraordinary circumstance that prevents a victim from coming

16

forward even for some time after the abuse has ceased." *Doe*, 76 F.4th at 72 (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999); *Kennedy v. Berkel & Co. Contractors, Inc.*, 319 F. Supp. 3d 236, 251–52 (D.D.C. 2018)).  However, the Second Circuit has made clear that equitable tolling is reserved for "rare and exceptional circumstances," *Harper*, 648 F.3d at 136, and "conclusory and vague claim[s], without a particularized description of how her condition[s] adversely affected her capacity to function generally or in relationship to the pursuit of her rights, [are] manifestly insufficient to justify any further inquiry into tolling." *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000).  In light of the trauma Plaintiff has alleged, some delay in addressing her legal rights is understandable, but that does not transform her allegations such that they sufficiently demonstrate a causal connection between how she felt and her ability to function in pursuit of her rights years after she exited the foster care system.  *See Boos*, 201 F.3d at 185; *Levin*, 747 F. Supp. 3d at 674–75.

As the parties are aware, the statute of limitations for Section 1983 claims in New York is three years.  *Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 108 (2d Cir. 2023) (citing N.Y. C.P.L.R. § 214(5)).  Although the statute of limitations was tolled for the period in which Plaintiff was a minor, the proverbial clock started ticking once Plaintiff turned 18, or in this case, in 2010.  *See McCoy v. ACS*, No. 23-cv-03019, 2024 WL 4379584, at *9 (E.D.N.Y. Aug. 9, 2024) (citing N.Y. C.P.L.R. § 208(a)), *adopted as modified*, 2024 WL 4344791 (E.D.N.Y. Sept. 30, 2024); *Roldan*, 2025 WL 676090, at *7 ("[B]ecause Plaintiff was born in 1992, the limitations period for her Section 1983 claims began to run when she turned eighteen in 2010, and expired three years later in 2013.").  Plaintiff did not commence this action until 2020— seven years after the statute of limitations ran.  As the Court just mentioned, some delay is understandable, given the circumstances.  A seven-year delay, without sufficient allegations to

17

demonstrate a nexus between "how she felt and her ability to function in pursuit of her rights" is less so.  Stated otherwise, Plaintiff fails to demonstrate that her emotional distress was a complete bar to pursuing legal action until 2020.  Accordingly, the Court declines to exercise its discretion to toll the statute of limitations with respect to Plaintiff's federal constitutional claims.

### VII.    Leave to Amend

Plaintiff has already had multiple opportunities to amend her complaint, and Plaintiff does not request further leave to amend.  *See generally* ECF No. 272.  For the avoidance of doubt, Plaintiff is denied such leave.  *See Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) ("[N]o court can be said to have erred in failing to grant a request that was not made.").  In any event, the Court would decline to grant leave because, having reviewed the Fourth Amended Complaint, Plaintiffs' Opposition to the motions to dismiss, and the papers attached to those submissions, the Court finds that further amendment would not change the result.  *See Gallop*, 642 F.3d at 369 (2d Cir. 2011) (district court did not err in dismissing claim with prejudice in the absence of any indication that plaintiff could or would amend such that amendment would lead to a different result); *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 52 (2d Cir. 1999) (Where "plaintiff[s] [are] unable to demonstrate that [they] would be able to amend [their] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."); *see also Roldan*, 2025 WL 676090, at *23.

### <u>CONCLUSION</u>

For the reasons stated above, Defendants' motions to partially dismiss Plaintiff's Fourth Amended Complaint, ECF Nos. 269–71, pursuant to Rule 12(b)(6) are GRANTED.  And, for the reasons stated in the Court's prior Order, its previous conclusions regarding the causes of action

not discussed in this Order are unmodified.  For the avoidance of doubt, the Court summarizes the current scope of the case:

- Plaintiff's claims in Count I survive against Defendant City with respect to its alleged failure to report Juan Rodriguez's abuse and for failure to supervise with respect to that abuse.  Count I also survives against Lewis, Ellis, and HeartShare for their alleged failure to report Gary Hoyte's abuse, and against Ellis and HeartShare for negligent supervision with respect to the allegations concerning Gary Hoyte only.  The remaining portions of Count I are dismissed with prejudice and without leave to amend.

- Count II, alleging negligence and brought pursuant to the ASA, is dismissed with prejudice and without leave to amend.

- Count III, alleging statutory failure to report child abuse survives claim against Defendant City concerning Juan Rodriguez only and against Defendants Lewis, Ellis, and HeartShare concerning Hoyte only.  Count III is otherwise dismissed with prejudice and without leave to amend.

- Count IV, alleging breach of contract, is unaltered and it survives as to the City, Concord, and HeartShare.

- Count V, alleging violations of the Victims of Gender-Motivated Violence Protection Law, is also unaltered and remains dismissed with prejudice and without leave to amend.

- Counts VI, VII, and VIII, alleging violations of federal constitutional rights pursuant to Section 1983, are dismissed with prejudice as to all Moving Defendants and without leave to amend.

- Counts VI, VII, and VII, alleging violations of the New York State Constitution, are unaltered and remain dismissed with prejudice and without leave to amend.[6]

Defendants shall answer the non-dismissed portions of the Fourth Amended Complaint on or before March 19, 2026.  *See* Fed. R. Civ. P. 14(a)(4).  On or before that same date, pursuant to Judge Henry's June 12, 2025, Order, "the parties shall file a joint status report regarding their respective positions on what, if any additional discovery is needed and shall include an updated Proposed Discovery Plan."  Jun. 12, 2025, Text Order.

---

[6]   To be clear, in light of the Court's conclusions with respect to Counts VI, VII, and VIII, those causes of action are now dismissed in their entirety.

Further, in light of the limited nature of the claims that remain as a result of this Order, the Court refers this case to the District's Court-Annexed Mediation Program.  The parties shall select a mediator by April 6, 2026, and complete their mediation by May 8, 2026.[7]  The parties shall file a letter with the Court on or before April 7, 2026, confirming that they have selected a mediator and shall file another letter with the Court on or before May 13, 2026, confirming that they have completed mediation.  If the mediation is unsuccessful, the Court will likely refer the case to Judge Henry for a settlement conference.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
March 5, 2026

---

[7]    The Court reminds the parties that once it "determine[s] that a case is appropriate for mediation," it may "order that case to mediation, with or without the consent of the parties." *See* Local Civil Rule 83.9(e)(3).  For the reasons set forth above, the Court concludes that this case is appropriate for mediation and it will not entertain requests to avoid those provisions of the Court's Order.  In the event any party is unable or unwilling to pay the mediator's fee, that party may apply for a fee waiver, pursuant to Local Rule 83.8(e)(3).  Any party requesting such waiver shall provide information and supporting documentation to show the financial hardship associated with paying for mediation services by March 23, 2026.

20